JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

B-01-0041

## I. (a) PLAINTIFFS

Hector and Rosemary Martinez, et al.

## DEFENDANTS

Frost National Bank, Trustee for the Jose Alfredo Jimenez Trust, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Jim Wells_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Bexar_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Mitchell Clark
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
361/887-8500

ATTORNEYS (IF KNOWN)

Jim Robichaux
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Trust Established in this Court

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Citizen of This State ☐ 4 ☐ XX

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | Decl. Jdmt. |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

Transferred from another district (specify)

Appeal to District Judge from Magistrate Judgment

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Judgment action respecting a Trust that was established in this Court which still oversees the Trust by the terms of the Trust. Suit to determine if the Trust can be executed upon by a Judgment Creditor.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _Vela_   DOCKET NUMBER C.A. NO. B-83-001

DATE
January 2, 2001

SIGNATURE OF ATTORNEY OF RECORD
J. Mitchell Clark

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR AND ROSEMARY<br>MARTINEZ, as HEIRS,<br>BENEFICIARIES OF HECTOR<br>JULIA MARTINEZ, JR. DECEASED<br>and OF ORLAND MARTINEZ,<br>DECEASED, and CELINA<br>ELIZONDO, as HEIR BENEFICIARY<br>OF ALBERT R. PONCE, DECEASED<br><br>PLAINTIFFS<br><br>VS.<br><br>FROST BANK NATIONAL BANK,<br>TRUSTEE FOR THE JOSE ALFREDO<br>JIMENEZ TRUST, and JOSE ALFREDO<br>JIMENEZ, INDIVIDUALLY<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>United States District Court<br>Southern District of Texas<br>FILED<br><br>JAN - 8 2001<br><br>Michael N. Milby<br>Clerk of Court<br><br>C. A. NO. __B -01 - 004__ |

---

### PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HECTOR and ROSEMARY MARTINEZ,** as **HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED** and of **ORLANDO MARTINEZ, DECEASED,** and **CELINA ELIZONDO,** as **HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED,** hereinafter referred to as Plaintiffs, and petition the Court pursuant to Title 28, U.S.C. § 2201 and Federal Rules of Civil Procedure 57 against **FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST,** and **JOSE ALFREDO JIMENEZ, INDIVIDUALLY,** Defendants, for a declaration respecting all

---

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
**PAGE 1**

CutePDF - www.hexiss.com

rights and liabilities under an Order and Trust Agreement dated April 25, 1985, attached hereto as Exhibit "A". In support of this petition, Plaintiffs would show as follows:

## I.
## PARTIES

1.1    Plaintiffs are all heirs, beneficiaries and surviving parents and their names and relationships to the deceased are as follows:

| NAME | RELATIONSHIP TO DECEDENTS |
|------|---------------------------|
| Hector Martinez | Father<br>of Hector Julian Martinez, Jr. and<br>Orlando Martinez |
| Rosemary Martinez | Mother<br>of Hector Julian Martinez, Jr. and<br>Orlando Martinez |
| Celina Elizondo | Mother<br>of Albert R. Ponce |

1.2    Plaintiff-Hector Martinez is an individual who resides in Alice, Jim Wells County, Texas.  He is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving father.

1.3    Plaintiff-Rosemary Martinez is an individual who resides in Alice, Jim Wells County, Texas.  She is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving mother.

1.4    Plaintiff-Celina Elizondo is an individual who resides in Alice, Jim Wells County, Texas.  She is an Heir and Beneficiary of Alberto R. Ponce, Jr. and is his surviving mother.

1.5    Defendant-**FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST** is a ***nationally chartered bank*** doing business in Nueces County, Texas and may be served with citation by serving their attorney:  **Jim Robichaux,**

---

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
**PAGE 2**

**Matthews and Branscomb, 802 North Carancahua, Suite 1900, Corpus Christi, Texas 78470,**

1.6     Defendant-**JOSE ALFREDO JIMENEZ (TDC # 785233)** is an individual who is incarcerated in the Texas Department of Corrections and whose place of residence is Walker County, Texas and may be served with process at the **Goree Unit, Texas Department of Criminal Justice, State Highway 75 South, Huntsville, Walker County, Texas 77340**.

## II.
## VENUE AND JURISDICTION

2.1     The cause or causes of action accrued in whole or in part in Brownsville, Cameron County, Texas; the Defendant-Jose Alfredo Jimenez 's Trust, which is a subject matter of this suit was negotiated and performed in whole or in part in Cameron, Nueces County, Texas. Therefore, venue is proper in Cameron County, Texas pursuant to Federal Rules of Civil Procedure.

2.2     The cause or causes of action exceed the minimum jurisdictional limits of this Court. Further, the Order establishing the Trust and the Trust Agreement retained jurisdiction in the United States District Court, Southern District of Texas, Brownsville Division. Defendant-Frost National Bank, Trustee for the Jose Alfredo Jimenez Trust is defined and meant herein to include Frost National Bank and all its predecessors, assigns, and successors in interest.

2.3     This suit is brought by the Plaintiffs on behalf of themselves, so they may obtain the relief that they are entitled to in law and in equity.

## III.
## FACTS

3.1     On or about May 11, 1996 an argument ensued between the Deceaseds, Hector Julian Martinez, Jr., Orlando Martinez, Albert R. Ponce (collectively referred to as the "DECEASEDS") and Defendant, Jose Alfredo Jimenez (hereinafter referred to as "JIMENEZ")

---

respecting money to purchase beer.  Subsequently, JIMENEZ took his .22-caliber rifle and began firing at the Deceaseds. As a result of this incident, DECEASEDS sustained serious bodily injuries which resulted in their deaths.    This conduct on the part of JIMENEZ violated § 19.02 of the Texas Penal Code.  As a result, a jury in Jim Wells County, Texas found JIMENEZ guilty of the offense of murder of Albert Ponce, Orlando Martinez and Hector Martinez and the jury assessed punishment at confinement in the Texas Department of Correction for twenty (20) years.

3.2    Plaintiffs, Hector and Rosemary Martinez and Celina Elizondo are the parents and surviving heirs at law of DECEASEDS.  Plaintiffs brought a wrongful death and gross negligence action pursuant to Tex. Civ. Prac. & Rem. Code §71.001 et. seq.  because of injuries suffered by the DECEASEDS resulting in their deaths, in a lawsuit styled: *Hector and Rosemary Martinez, as Heirs and Beneficiaries of Hector Julian Martinez, Jr., Deceased, and of Orlando Martinez, Deceased, and Celina Elizondo, as Heir and Beneficiary of Albert R.. Ponce, Deceased v. Jose Alfredo Jimenez (TDCJ #785233)*, In the 278th Judicial District, Walker County, Texas, Cause No.: 19-841-C.

3.3    On or about October 12, 1999, Plaintiffs appeared in person and by their attorney of record and announced ready for trial.  Jose Alfredo Jimenez, Defendant appeared in person representing himself, announced ready for trial.  The Plaintiffs having waived their demand for jury and no jury having been demanded by the Defendant, all questions of fact were submitted to the Court and the case preceded to trial.

3.4    On or about October 14, 1999, a Judgment was rendered on behalf of the Plaintiffs by the Honorable Irwin G. Ernst.  A copy of the Judgment is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.

---

3.5     The Judgment awarded to each Plaintiff $1,233,600.00 (one million two hundred thirty-three thousand six hundred dollars) plus interest at the rate of ten percent from October 14, 1999 until paid.

3.6     Prior to the above mentioned deaths, JIMENEZ's father, Juan Jose Jimenez (hereinafter referred to as "DECEDENT"), died intestate on November 2, 1982, in Aransas County, Texas.   At the time of DECEDENT'S death, he was survived by his son, JOSE ALFREDO JIMENEZ, a minor child.   JIMENEZ was a named beneficiary as a result of a lawsuit filed by his surviving widow styled *Olga Gonzalez Jimenez, Individually and as personal representative of Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez, and Separately Celina Jimenez Green vs. Culberson Well Service, Inc. and Rig Number 8*; In the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Brownsville, Texas. Further, JIMENEZ received monies from DECEDENT'S death, and the monies are maintained in a trust with Frost Bank Trust Department.  A copy of the Policy is attached hereto as Exhibit "C" and incorporated herein by reference for all purposes.

3.7     Plaintiffs are requesting this Court to declare the monies in JIMENEZ'S Trust are not protected from creditors of the Beneficiary; therefore, the trust is subject to post-judgment collection by the Judgment Creditors of the Beneficiary, Jose Alfredo Jimenez.

## IV.
## SUIT FOR DECLARATORY RELIEF

4.2     At the time of DECEDENT'S death, JIMENEZ was a minor child incapable of controlling any monies received.  Therefore, Plaintiffs request the Court to declare the Plaintiffs' rights to the trust, if any, under such judgment and whether or not the trust is subject to execution and/or garnishment by Plaintiffs. Further, Plaintiffs request the Court to declare that JIMENEZ'S

---

Trust is not a spend thrift trust and a declaratory judgment that the Trust is subject to immediate execution.

4.2     The Plaintiffs have retained J. Mitchell Clark to represent the Plaintiffs in this action and have agreed to pay the firm reasonable and necessary attorney's fees.  An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just and therefore authorized by Federal Rules of Civil Procedure 54 (d)(2).

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court order and award the following:

a.     The Defendants be cited to appear and answer herein;

b.     A declaration that the Judgment is enforceable as to the Plaintiffs and the Trust is subject to execution/garnishment.

c.     Attorney's fees.

d.     Costs of suit.

e.     That Plaintiffs be awarded such other and further relief, whether legal or equitable, general or special, to which these Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
(361) 887-8500
(361) 882-4500 **FAX**

By: _____
J. MITCHELL CLARK
State Bar No. 04283900
Admission No. 11427

**ATTORNEY FOR PLAINTIFFS**

CLERK, U.S. DISTRICT COURT.
SOUTHERN DISTRICT OF TEXAS
F I L E D

APR 2 5 1985

JESSE E. CLARK, CLERK
BY DEPUTY: Gracie Calzada

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OLGA GONZALEZ JIMENEZ,          §
  Individually and as personal   §
  representative of Juan Jose    §
  Jimenez, Jr., and Jose         §
  Alfredo Jimenez; and           §
  Separately Celina Jimenez      §          C.A. NO. B-83-001
  Green                          §
                                     §

VS.                             §
                                      §
CULBERSON WELL SERVICE, INC.    §
  and RIG NUMBER 8               §

## ORDER

On this day came on to be heard the application of Olga Gonzalez Jimenez, individually and as next friend of her minor child, Jose Alfredo Jimenez, hereinafter referred to as the Minor; and Kirk Brush, Guardian ad Litem for the Minor, which application requests the Court to establish a Trust Estate for the Minor pursuant to Tex. Prop. Code §142.005, and due and proper notice of the application and hearing thereof having been given to all interested persons, and the Applicants and all persons necessary for jurisdiction having appeared in person or by attorney, the Court proceeded to hear such application.

The Court after considering the evidence produced finds that it has proper and lawful jurisdiction over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; and that an Order and Decree establishing a Trust Estate for the benefit of the Minor should be entered,



Exhibit

A

-1-

providing that funds in the amount of One Hundred Thirty Thousand Dollars ($130,000.00) accruing under the Judgment heretofore entered by the Court and held by Western National Life Insurance Company of Amarillo, Texas 79167 and accruing from the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., pursuant to the aforementioned Judgment for the use and benefit of Minor shall be held and invested by the Trustee hereinafter designated as a Trust Estate for the Benefit of the Minor; interest of the Minor will be served thereby,

It is therefore ORDERED, ADJUDGED and DECREED by the Court as follows:

1.  The Western National Life Insurance Company of Amarillo, Texas is hereby ordered upon entry of this Decree, to forthwith pay and deliver the installment sum of Ten Thousand Dollars now secured and held by said company and accruing from the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by the Defendant, Culberson Well Service, Inc., for the use and benefit of the Minor, pursuant to the judgment entered in favor of the Minor heretofore entered by the Court, unto Citizens State Bank, a state banking association of Corpus Christi, Texas, as Trustee pursuant to this decree and the Trust herein established, and to obtain a receipt and acceptance from such Trustee.  The receipt by such Trustee shall constitute a full discharge and acquittance by said company from any further liability on account of such installment sum in

the amount of Ten Thousand Dollars ($10,000.00) presently accrued
and held by said company pursuant to the judgment in favor of the
Minor heretofore entered by the Court.

2.  The Western National Life Insurance Company of
Amarillo, Texas is hereby ordered upon entry of this Decree, to
forthwith, and until the termination of the Trust herein created,
pay and deliver all future installment sums now secured and held
by said company and accruing from the aforementioned Annuity
Policy of Insurance, Policy Number 215,364, purchased and paid in
full from said company by the Defendant Culberson Well Service,
Inc., for the use and benefit of the Minor, pursuant to the
judgment entered in favor of the Minor heretofore entered by the
Court, unto Citizens State Bank, a state banking association of
Corpus Christi, Texas, as Trustee, pursuant to the Decree and the
Trust herein established and to obtain a receipt and acceptance
from such Trustee.  The receipt by such Trustee shall constitute
a full discharge and acquittance by said company from any further
liability on account of such future installment sums as they
accrue and are paid from time to time during the period of this
Trust by said company pursuant to the Judgment in favor of the
Minor heretofore entered by the Court.

3.  Pursuant to the Tex. Prop. Code 142.005, the Trustee
shall hold and invest such funds as a Trust Estate under the
terms, provisions, and conditions of Trust set forth in the JOSE
ALFREDO JIMENEZ TRUST, which is attached hereto as Exhibit A, and

-3-

made a part hereof for all purposes, and which Exhibit A shall constitute a part of this Decree of the Court pursuant to the Tex. Prop. Code 142.005.

SIGNED, RENDERED and ENTERED this 25th day of *April*, 1985.

_____
JUDGE PRESIDING

TRUE COPY I CERTIFY
ATTEST:
JESSE E. CLARK, Clerk
By_*Gracie Calzada*_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OLGA GONZALEZ JIMENEZ,<br> Individually and as personal<br> representative of Juan Jose<br> Jimenez, Jr., and Jose<br> Alfredo Jimenez; and<br> Separately Celina Jimenez<br> Green<br><br>VS.<br><br>CULBERSON WELL SERVICE, INC.<br> and RIG NUMBER 8 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    C.A. NO. B-83-001 |

## THE JOSE ALFREDO JIMENEZ TRUST

### ARTICLE I

The laws of the State of Texas shall govern the establishment and administration of this trust.

### ARTICLE II

The terms defined below shall for purposes of this Trust have the meanings herein specified:

(a)  Trust:  The term "Trust" shall mean JOSE ALFREDO JIMENEZ TRUST established by the Decree to which this Trust is attached and the property, assets and funds as shall be held by the Trustee from time to time hereunder.

(b)  Trustee:  The term "Trustee" shall mean CITIZENS STATE BANK, a state banking association of Corpus Christi, Texas.

(c)  Court:  The term "Court" shall mean the United States District Court for the Southern District of Texas, Brownsville

*"Exhibit A"*

Division acting by and through the U. S. District Judge presiding thereover from time to time in accordance with the law. In the event such Court should be dissolved, vacated, terminated, merged or cease to exist for any reason, the Presiding Judge of the U. S. Judicial District in which such Court is presently located, shall appoint a successory U. S. District court to exercise all rights reserved to the Court hereunder or existing by law.

(d)   Clerk:  The term "Clerk" shall mean the U. S. District Clerk for the Southern District of Texas, Brownsville Division.

(e)   Beneficiary:  The term "Beneficiary" shall mean JOSE ALFREDO JIMENEZ and he shall be the sole beneficiary of this Trust.

### ARTICLE III

On or about the 24th day of May, 1984, this Court entered Judgment in favor of the Minor Jose Alfredo Jimenez, hereinafter designated as the Beneficiary, in the amount of One Hundred Thirty Thousand Dollars ($130,000.00). Pursuant to the Decree of said Judgment, the said award amount of One Hundred Thirty Thousand Dollars ($130,000.00) is to be paid in periodic payments by the Defendant Culberson Well Service, Inc., and secured by the purchase and full payment of the premiums of an Annuity Policy of Insurance by said Defendant for the use and benefit of the Beneficiary, to-wit:

(a)   The installment sum of Ten Thousand Dollars now held by Western National Life Insurance Company of Amarillo, Texas 79

167 and accruing from the Annuity Policy of Insurance, Policy Number 215,364, purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary is hereby transferred and assigned unto the Trustee by the Court, pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

(b)   In addition, all future installments, accrued, paid and delivered forthwith, by the Defendant Culberson Well Service, Inc., or by Western National Life Insurance Company of Amarillo, Texas 79167 pursuant to the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by said Defendant in satisfaction of, and pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary are hereby transferred and assigned unto the Trusteeby the Court pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

ARTICLE IV

The Trustee with respect to the assets and property from time to time comprising all or any part of the corpus or income of the Trust shall have and exercise the following rights, powers

-3-

and privileges and shall be subject to the following conditions,
duties, provisions and limitations:

(a)  General Powers Cumulative.  The Trustee, except to
the extent that the same are inconsistent with the provisions of
this Trust, in which event the provisions of this Trust shall
govern, shall have all of the rights, powers and privileges, and
be subject to all of the duties, responsibilities, conditions and
liabilities set forth in the Texas Trust Code, as the same now
exists or as it may hereafter be amended.  Except as herein
otherwise provided, the powers conferred upon the Trustee herein
shall not be construed as in limitation of any authority
conferred by law, but shall be construed as in addition thereto.

(b)  General Investment and Management Powers.  Trustee
shall hold, manage, invest and reinvest the Trust Estate in
accordance with the Management and Investment Standards found in
Tex. Trust Code §113.056.  The Trustee may invest all or any part
of the Trust Estate in a common trust fund now or hereafter
established by the Trustee.  Trustee may also deposit funds held
in the Trust Estate with itself as a permanent or temporary
investment.

(c)  Distributions, Use and Applications.  The Trustee may
distribute such amounts of the Trust corpus, the Trust income, or
both as may be reasonably necessary in the discretion of the
Trustee to provide for the health, education, support or
maintenance of the Beneficiary.  All distributions and all uses
and applications of trust funds, either income or principal, may

be made directly to or expended for the benefit of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. The Trustee may pay any income or principal distribution to or for the benefit of the Beneficiary, including but not limited to the following methods:

      1.  Directly to such Beneficiary;

      2.  To the legal or natural guardian or person having custody of the Beneficiary; or

      3.  Directly for the maintenance or support of the Beneficiary.

    (d)  **Unused Income.**  Any income of the Trust not distributed pursuant to the provisions of Paragraph (c) of this Article IV shall be added to the corpus of the Trust.

    (e)  **Power to Determine Income and Principal.**  Stock dividends and capital gains shall be treated as corpus. Except as herein otherwise specifically provided, the Trustee shall have full power and authority to determine the manner in which expenses are to be borne and in which receipts are to be credited as between principal and income, and also to determine what shall constitute income or net income and what shall constitute corpus or principal, and may withhold from income such reserves for depreciation or depletion as it may deem fair and equitable. In determining such matters, the Trustee may give consideration to the provisions of Sections 113.001 to 113.111, inclusive, of the Tex. Trust Code but shall not be bound by such provisions.

-5-

(f) <u>Liability of Third Party.</u> No purchaser at any sale made by the Trustee or persons dealing with the Trustee hereunder shall be obliged to see to the application of any money or property paid or delivered to the Trustee. No person dealing with the Trustee shall be obliged to inquire into the expediency or properiety of any transaction or the authority of the Trustee to enter into and consummate the same upon such terms as it may deem advisable.

(g) <u>No bond.</u> The Trustee shall serve without bond.

(h) <u>Trustee's Compensation.</u> Upon application and approval of the Court of this Trust, the Trustee shall receive reasonable compensation for its services as Trustee, not to exceed the schedule of compensation attached hereto, marked Addendum "A" as incorporated herein, or as it may be changed from time to time.

(i) <u>Termination.</u> The Trust, subject to the restrictions, conditions and postponements herein specified, shall terminate and the assets and property then comprising the corpus and undistributed income shall be delivered and distributed in fee simple and free of trust as follows:

1. Upon the death of the Beneficiary, the Trustee shall deliver the then existing trust corpus and any undistributed income to the duly qualified personal representative of the Beneficiary's estate.

2. Unless sooner terminated as herein above provided, the Trustee shall deliver the then existing

Trust corpus and any undistributed income to the
Beneficiary upon the anniversary of his twenty-fifth
(25th) years of age.

## ARTICLE V

The Trustee, with respect to the funds accruing under the
Judgment heretofore entered by this Court on or about the 24th
day of May, 1984, shall acknowledge in writing to Mrs. Olga
Jimenez, 3405 Cypress, Victoria, Texas 77901, receipt of such
funds accruing under said Judgment, a copy of which is attached
hereto as Addendum "B", and made a part hereof for all purposes.

## ARTICLE VI

The Beneficiary of the Trust shall not have the right or
power to anticipate, by assignment or otherwise, any income or
corpus in the Trust; nor in advance of actually receiving the
same have the right or power to sell, transfer, encumber or in
anywise charge same, and the same shall in no way be subject to
judgment, execution or other process of law.

## ARTICLE VII

The Court retains and shall have the right to amend,
modify or revoke the Trust at any time, and from time to time,
prior to termination, by appropriate order entered of record and
delivered to the Trustee. If the Trust is revoked by the Court
before the Beneficiary is 18 years old, the Court may provide for
the management of the trust principal and any undistributed
income as authorized by Chapter 142 of the Texas Prop. Code. If
this Trust is revoked by the Court after the Beneficiary has

-7-

attained the age of 18, after payment of all proper and necessary expenses, the Trust corpus and any undistributed income shall be delivered to the Beneficiary.

## ARTICLE VIII

The Trustee may at any time resign upon giving to the Court thirty (30) days written notice. Thirty days after giving of such notice, the Trustee shall deposit the then existing corpus and undistributed income of the Trust with the Clerk and shall thereupon be discharged from this Trust without the necessity of any further Order of the Court, and shall be released, discharged and acquitted from any further responsibility or obligation concerning the Trust.

## ARTICLE IX

The Trustee shall keep books of account respecting the Trust and all transactions pertaining thereto, and shall furnish the court statements at least annually showing the receipts and disbursements of income and corpus of the Trust, and a list of assets held hereunder. Trustee may employ agents, attorneys and accountants, and compensate them out of the Trust. This Trust is established pursuant to Court order, and Trustee shall not be responsible or liable to the Beneficiary or any other person on account of any actions that the Trustee may take (or elect to forego taking) in Trustee's good faith reliance on any order or proceedings of the Court.

## ARTICLE X

This Trust shall not be subject to revocation by the Beneficiary nor any guardian of the Beneficiary's estate. This Trust shall take precedence over any existing law or statute concerning minors or their property, and this Trust shall continue in full force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate for the Beneficiary or the Beneficiary attaining majority.

## ARTICLE XI

This Trust shall become effective upon the entry of the Decree to which it is attached

SIGNED and ENTERED this 25th day of april, 1985.

_____
JUDGE PRESIDING

-9-

The undersigned parties, each in the representative capacities stated, do each hereby approve the above and foregoing Decree and the JOSE ALFREDO JIMENEZ TRUST which is attached hereto as Exhibit A, both as to form and to substance, and each party further approves, ratifies and confirms such Trust and requests the Court to enter this Decree establishing the Trust.

Respectfully submitted,

OLGA GONZALEZ JIMENEZ
Individually and as Next Friend
of the Minor

KIRK BRUSH
Guardian ad Litem for the Minor
*BAR No. 03261200*

LAW OFFICES OF BOB PATTERSON
814 Leopard Street
P. O. Box 1010
Corpus Christi, Texas 78401
512/887-1881

By:
ROBERT J. PATTERSON
State Bar #15604500
ATTORNEY FOR APPLICANT

CITIZENS STATE BANK

By:
DON ZIMMERMAN

-10-

## ADDENDUM "A"

### CITIZENS STATE BANK OF CORPUS CHRISTI
### TRUST DEPARTMENT
### Schedule of Fees for Services
### for Personal Trusts

A.  If the bank is responsible for the investment of cash, stocks, bonds, or similar liquid assets, the bank will charge annually 7½% of net earnings of first $5,000, 5% of net earnings on next $20,000 and 2½% of net earnings over $25,000, including unrealized capital gains for its services.

B.  If the bank is responsible for leasing and maintaining improved real estate, the bank will charge 5% of income received and 2½% of maintenance cost.

C.  For handling assets which the bank does not have active investment control, for example, existing mineral interest, existing real estate leases, etc., the bank will charge annually ½ of 1% of the first $50,000 of fair market value, 3/8 of 1% of the fair market value over $50,000 to $100,000, ¼ of 1% of the fair market value over $100,000 to $250,000, and 1/8 of 1% of the fair market value over $250,000.

D.  A fee of $6.00 will be charged for each receipt and disbursement. However, no fee will be charged for contributions to the trust account, distributions to beneficiaries, deposits to Citizens State Bank accounts or disbursements for purchase of and receipts from Certificates of Deposit of Citizens State Bank or from the Citizens State Bank Common Trust Fund.

E.  In addition to the above, brokerage fees, fees for legal services, preparation for tax returns, etc., may be charged to the account. Additional charges may be made for unusual or extraordinary services which cannot be anticipated, based upon the time and responsibility involved and the results obtained.

F.  No minimum fees, set up charges or termination charges will be made, nor will any fee be charged on assets directed into Citizens State Bank of Corpus Christi's savings accounts, certificates of deposit, or other time deposits.

G.  A fee of $25.00 will be assessed on "lease back" trusts when assets are purchased by means of a loan which requires full documentation, including preparation of notes, security agreements, corporate minutes, lease schedules, etc.  No fee will be charged if such assets are purchased from current assets without the use of a loan.

Revised 11/28/84

## CAUSE NO. 19-841-C

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR., DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR, BENEFICIARY OF ALBERT R. PONCE, DECEASED | § § § § § § § § § § § | IN THE DISTRICT COURT |

**FILED**

TIME _10:35Am_

_19_ DAY OF _Oct_ 19 _99_

BERNICE COLEMAN

District Clerk, Walker County

By _____

Deputy

|  |  |  |
|---|---|---|
| | Plaintiffs | § |
| vs. | | § § |
| JOSE ALFREDO JIMENEZ (TDC # 785233) | | § § |
| | Defendant | § |

**278th JUDICIAL DISTRICT**

**WALKER COUNTY, TEXAS**

---

### JUDGMENT

---

On October 14, 1999, this cause came to be heard, **HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR., DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA (ELIZONDO) GARZA as HEIR, BENEFICIARY OF ALBERT R. PONCE, DECEASED**, the Plaintiffs, appeared in person and by attorney of record and announced ready for trial. Jose Alfredo Jimenez, Defendant, appeared in person representing himself, announced ready for trial. The Plaintiffs having waived their demand for jury and no jury having been demanded by the Defendant, all questions of fact were submitted to the Court and the case preceded to trial.

The Court, after hearing evidence and arguments of counsel and the Pro-Se Defendant is of the opinion, the Plaintiff- Celina (Elizondo) Garza is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest. The

---

**JUDGMENT**

**PAGE 1**



Plaintiff- Rosemary Martinez is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest. The Plaintiff- Hector Martinez is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest.

**IT IS THEREFORE ORDERED** by the Court that Celina (Elizondo) Garza, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS THEREFORE ORDERED** by the Court that Rosemary Martinez, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS THEREFORE ORDERED** by the Court that Hector Martinez, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Celina (Elizondo) Garza against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Rosemary Martinez against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Hector Martinez against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

All costs of court expended or incurred in this cause are adjudged against Jose Alfredo Jimenez, Defendant.   All writs and processes for the enforcement and the collection of this Judgment or the cost of Court may issue as necessary.

All other relief not expressly granted in this Judgment is hereby denied.

Signed this _____ *19th* _____ day ___ *Oct.* _____, 1999.

_____
JUDGE PRESIDING

"At any time within ten . , days after receipt of the policy by the owner, the policy may be returned by the owner for cancellation by delivering it or mailing it to the Company or to the agent through whom it was purchased. Such delivery or mailing of the policy by the owner shall void the policy from the beginning and the parties shall be in the same position as if no policy or contract had been issued. All premium paid and any policy fee paid for the policy shall be refunded to the owner."



# WESTERN NATIONAL LIFE

**INSURANCE  COMPANY**

AMARILLO, TEXAS 79187

(Herein called "WNL")

**POLICY NUMBER:**   215,364          **MEASURING LIFE:**   JOSE ALFREDO JIMENEZ

**THE CONSIDERATION** for this policy is the application and the payment of the single premium. WNL will pay installment payments to the Measuring Life. Payment will be made in the mode, manner, and amount specified in the attached SCHEDULE, subject to the terms of this policy.

**DATE OF ISSUE.** The date of issue is the Effective Date in the attached SCHEDULE.

**CONTRACT AND MODIFICATION.** This policy and the attached application are the contract. All statements made by or on behalf of applicant shall, in the absence of fraud, be deemed representations and not warranties. No such statement shall void the policy unless it is contained in the written application and a copy is attached to this policy when issued. No provision of this policy can be waived or modified except by an authorized WNL home office official. No agent has power on behalf of WNL to change the terms of this policy or to bind WNL by his actions.

**INCONTESTABILITY: MISSTATEMENT OF AGE OR SEX, ADJUSTMENT OF PAYMENTS.** This policy is incontestable from its Effective Date. But if misstatement of the age or sex of the Measuring Life is discovered, installments may be adjusted. Age at issue means age of Measuring Life on the birthday nearest the Effective Date.

**SINGLE PREMIUM FOR THIS POLICY.** The premium is due in one sum on the Effective Date at WNL's home office.

**ASSIGNMENT: NO COMMUTATION: SPEND-THRIFT CLAUSE.** This policy may not be assigned or anticipated. It is not subject to claims of creditors. Payments may not be commuted.

**PROOF OF SURVIVAL OF MEASURING LIFE OR BENEFICIARY.** WNL has the right to require said proof of survival.

**NON-FORFEITURE BENEFITS: NO CASH VALUE: NO POLICY LOANS.** No cash surrender value or non-forfeiture benefits are provided under this policy. Installment benefits payable are not less than the minimum benefits required by any statute of the state in which this policy is delivered. WNL will not lend any amount as a policy loan on the security of this policy.

**BENEFICIARY.** While this policy is in force, Owner may change the beneficiary by filing written notice in satisfactory form at WNL'S home office. The change takes effect when the notice is recorded. WNL will not be liable for any payment or action taken before the notice is recorded at its home office. Benefits payable after the death of Measuring Life will be paid to the beneficiary of record. If any beneficiary predeceases the Measuring Life, the interest of such beneficiary will pass to the surviving beneficiary. If more than one survive, it will pass to such surviving beneficiaries in proportion to their respective interests unless otherwise provided in the beneficiary designation of record. If no designated beneficiary survives the Measuring Life, remaining installments payable shall be paid to the Measuring Life's estate.

**TERMINATION OF POLICY WHEN LAST SCHEDULED PAYMENT IS MADE.** This policy shall terminate when the last payment specified in the attached SCHEDULE has been made. No payment shall be due thereafter.

*In witness whereof,* WESTERN NATIONAL LIFE INSURANCE COMPANY has caused this policy to be executed at its Home Office at Amarillo, Texas, as of the Effective Date shown in the attached SCHEDULE.

# COPY OF ORIGINAL

_____ Secretary          _____ President

A 24-80 (Rev. 5-82)          Single Premium Annuity, Non-participating

Exhibit

**C**



# WESTERN NATIONAL LIFE INSURANCE COMPANY

## AMARILLO, TEXAS 79167



**ANNUITANT**

1. FULL NAME _JOSE ALFREDO JIMENEZ_
2. ADDRESS _3405 Cypress, Victoria, Texas_ ZIP _77901_
3. MARITAL STATUS _____ SEX _Male_ SOCIAL SEC. NO. _____
4. DATE OF BIRTH _11-1-1977_ AGE _____ (Nearest Birthday)
   [Note: For Single Premium Immediate, Proof of Age Required; Attach Copy of Birth Certificate, or Other Proof.]

**OWNER**

[Answer Questions 5 Thru 7 Only If Owner is Other Than Annuitant.]

5. FULL NAME _Lexington Insurance Company_
6. ADDRESS _100 Summer Street, Boston, MA_ ZIP _02110_
7. SOCIAL SECURITY OR TAX I. D. NO. _____

**ANNUITY APPLIED FOR**

8. CHECK ONE
   - ☐ FLEXIBLE PREMIUM
   - ☐ SINGLE PREMIUM IMMEDIATE
   - ☒ SINGLE PREMIUM DEFERRED
   - ☐ LIFE ONLY
   - ☐ LIFE WITH _____ YEARS CERTAIN
   - ☐ LIFE, INSTALLMENT REFUND
   - ☐ OTHER (Describe under special requests)

9. CHECK ONE
   - ☐ QUALIFIED
   - ☒ UNQUALIFIED
   - ☐ IRA (Attach IRA Supplement)
   - ☐ HR-10 (Attach HR-10 Supplement)
   - ☐ OTHER (Describe under special requests)

10. PREMIUM _Valuable Consideration_ PD. WITH AP. $ _____ AGE AT MATURITY _____
11. SPECIAL REQUESTS _(Duplicate Policy). Commencing 12-1-1984, $10,000.00 per year_
    _for 4 years. Commencing 11-1-1995, $7,500.00 per year for 4 years; plus $60,000.00 cash_
    _on 11-1-2002. (Make checks payable to: The Jose Alfredo Jimenez Trust. Send payments to:_
    _Citizens State Bank, 2402 Leopard Street, Corpus Christi, TX 78408)._

**BENEFI-CIARY**

[Not Applicable to Single Premium Immediate, Life Only]

12. PRIMARY BENEFICIARY _Olga Jimenez_ RELATIONSHIP _Mother_
13. CONTINGENT BENEFICIARY _Juan Jose & Celena Jimenez_ RELATIONSHIP _Brother & Sister_
14. IS RIGHT TO CHANGE BENEFICIARY RESERVED? ☒ YES ☐ NO

**OTHER POLICIES**

15. WILL ANY INSURANCE OR ANNUITY NOW IN FORCE BE REPLACED OR CHANGED BY THE ANNUITY APPLIED FOR ON THIS APPLICATION? ☐ YES ☒ NO

    IF YES, GIVE COMPANY, AMOUNT, YEAR ISSUED AND REASON _____

Application is hereby made for the Annuity described above on the life of the proposed Annuitant. The foregoing statements are correct to the best knowledge and belief of the persons signing this application. It is agreed that such statements shall form the basis of an Annuity issued by the Company and that such annuity together with this application shall constitute the entire contract between the Company and the persons signing this application. It is understood and agreed that no statement made either by the agent soliciting this application or by any other person shall be binding on the Company unless such statement is reduced to writing and made a part of the Annuity Contract.

Signed at _Dallas, TX_ this _5th_ day of _June_ 19_84_

_____     _____
Representative          Rep. No.        (OVER)   Signature of Annuitant (If Age 16 or Over)

AF 55-79                                 _____
                                         Signature of Owner, if other than Annuitant
                                         _Lexington Insurance Company_

## SCHEDULE

POLICY NUMBER: 215,364

EFFECTIVE DATE:  3-16-1984

SINGLE PREMIUM: $10.00 AND OTHER VALUABLE CONSIDERATION

OWNER: LEXINGTON INSURANCE CO.

MEASURING LIFE: JOSE ALFREDO JIMENEZ

AGE (NEAREST BIRTHDAY) OF MEASURING LIFE ON EFFECTIVE DATE:    6 -

NUMBER, MANNER, AND MODE OF INSTALLMENT PAYMENTS TO BE MADE:


GUARANTEED PAYMENTS:

| BEGINNING DATE | ENDING DATE | PAYMENT AMOUNT | FREQUENCY OF PAYMENT | ANNUAL RATE OF IN- CREASE IN PAYMENTS |
|---|---|---|---|---|
| 12-01-1984 | 12-01-1987 | $10,000.00 | ANNUALLY | --0-- |
| 11-01-1995 | 11-01-1998 | $7,500.00 | ANNUALLY | --0-- |
| 11-01-2002 | 11-01-2002 | $60,000.00 | SINGLE | --0-- |


IF THE MEASURING LIFE DIES PRIOR TO PAYMENT OF ALL INSTALLMENTS DURING
THE GUARANTEED PERIOD, ANY REMAINING PAYMENTS DUE SHALL BE PAID TO THE
BENEFICIARY, AS THEY BECOME DUE.


FIRST INSTALLMENT DUE DATE: 12-01-1984

BENEFICIARY TO RECEIVE INSTALLMENT PAYMENTS AFTER DEATH OF
  MEASURING LIFE IF APPLICABLE: AS STATED IN APPLICATION