9

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED §§§§§§§§§§

PLAINTIFFS §§

VS. §  C. A. NO. B-01-004
§
FROST NATIONAL BANK, §
TRUSTEE FOR THE JOSE ALFREDO §
JIMENEZ TRUST, and JOSE ALFREDO §
JIMENEZ, INDIVIDUALLY §
§
DEFENDANTS §

United States District Court
Southern District of Texas
FILED

APR 1 1 2001

Michael N. Milby
Clerk of Court

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(F)
### FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   a) Meeting was held by telephone conference on April 9, 2001 in Corpus Christi, Texas.

   b) Counsel present for Plaintiffs, J. Mitchell Clark.

   c) Counsel present for Defendant-Frost National Bank, James H. Robichaux.

  d) Defendant-Jose Alfredo Jimenez was not present as he is presently incarcerated in the Texas prison system.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

  There are none. Plaintiffs are judgment creditors of Defendant Jose Alfredo Jimenez by virtue of a Final Judgment obtained in their favor and against him in Cause No.: 19-841-C styled *Hector and Rosemary Martinez, as Heirs and Beneficiaries of Hector Julian Martinez, Jr., Deceased, and of Orlando Martinez, Deceased, and Celina Elizondo, as Heir and Beneficiary of Albert R.. Ponce, Deceased v. Jose Alfredo Jimenez (TDCJ #785233)*, In the 278th District Court of the State of Texas, Walker County, Texas. The case is related to the extent that as judgment creditors, Plaintiffs seek determination of the enforceability of the spendthrift provision of this Trust as it would relate to their attempt to satisfy their judgment.

3. Specify the allegation of federal jurisdiction.

  Plaintiffs and Defendants contend that federal jurisdiction is based this Court's continuing jurisdiction over a trust.

4. Name the parties who disagree and the reasons.

  There are none

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

  None anticipated at this time.

6. List anticipated interventions.

None.

7. Describe class-action issues.

There are none.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties will file their initial disclosures by no later than April 19, 2001.

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all matters raised in Rule 26(f).

    B. When and to whom the Plaintiffs anticipate they may send interrogatories.

    C. When and to whom the Defendant anticipates it may send interrogatories.

    D. Of whom and by when the Plaintiffs anticipate taking oral depositions.

    E. Of whom and by when the Defendant anticipates taking oral depositions.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report.

    H. List expert depositions the opposing party anticipates taking and their anticipated complete date. *See* Rule 26(a)(2)(B) (expert report.

      a) There are none at this time.

20. List other motions pending.

      There are no pending motions.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

      Defendant-Jose Alfredo Jimenez is currently incarcerated in the Texas prison system for murder. As a result, contact with him by the other parties to this case is difficult.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

      J. MITCHELL CLARK

      State Bar No. 04283900

      Admission No. 11427

      LAW OFFICES OF J. MITCHELL CLARK

      Frost Bank Plaza

      802 N. Carancahua, Suite 1650

      Corpus Christi, Texas 78470

      Tel: (361) 887-8500

      Fax: (361) 882-4500

      Counsel for Plaintiffs:

      HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO

MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED

James H. Robichaux

State Bar No. 17083000

Admission No. 2203

MATTHEWS and BRANSCOMB

802 N .Carancahua, Suite 1900

Corpus Christi, Texas 78470

Tel: 361/888-9261

Fax: 361/888-8504

Counsel for Defendant:

FROST NATIONAL BANK


Jose Alfredo Jimenez

TDCJ #785233

Robertson Unit

Texas Department of Criminal Justice

12071 FM 3522

Abilene, Texas 78470

Pro Se

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (361) 887-8500
Fax: (361) 882-4500

By: _____
J. MITCHELL CLARK
State Bar No. 04283900
Admission No. 11427

**ATTORNEY FOR PLAINTIFFS**

**MATTHEWS and BRANSCOMB**
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470
Tel: 361/888-9261
Fax: 361/888-8504

By: _____
James N. Robichaux
State Bar No. 17083000
Admission No. 2203

**ATTORNEY FOR FROST NATIONAL BANK**

## CERTIFICATE OF SERVICE

I, J. Mitchell Clark, hereby certify that the above and foregoing was forwarded in the manner indicated to the persons listed below on this the 10th day of April, 2001:

**VIA CMRRR: 7099 3220 0004 6532 1487**
Jose Alfredo Jimenez
TDCJ #785233
Robertson Unit
Texas Department of Criminal Justice
12071 FM 3522
Abilene, Texas 78470

_____
J. Mitchell Clark

_____
James H. Robichaux