13



| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED | § § § § § § § § |
| PLAINTIFFS | § § |
| VS. | § § |
| FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, INDIVIDUALLY | § § § § § |
| DEFENDANTS | § § |

United States District Court
Southern District of Texas
FILED

APR 2 3 2001

Michael N. Milby
Clerk of Court

C. A. NO. B-01-004

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### (ORAL ARGUMENT REQUESTED)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiffs-HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED and of ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED, and moves this Court to enter a judgment on this Motion for Summary Judgment and in support thereof would respectfully show the Court as follows:

# I.
## STIPULATED FACTS

1.1     Jose Alfredo Jimenez was born on November 27, 1977.

1.2     By Judgment dated a May 24, 1984 this Court entered a Final Judgment in favor of Jose Alfredo Jimenez-then six years old.  This Judgment was pursuant to a wrongful death lawsuit brought for the death of his father.  Exhibit "A".

1.3     By Order dated April 25, 1985, this Court established a trust for the benefit of Jose Alfredo Jimenez pursuant to Texas Property Code § 142.005. Exhibit "B".

1.4     On April 25, 1985, the Jose Alfredo Jimenez Trust was established.  The Court initially appointed Citizens State Bank of Corpus Christi as Trustee.  Frost National Bank has since succeeded Citizens State Bank as Trustee.  Exhibit "C".

1.5     Among the terms of the Trust is a so-called "spendthrift" provision [Trust Article VI].  Exhibit "C".

1.6     Both by statute and pursuant to its terms, the Trust shall terminate on November 27, 2002.  Exhibit "C".

1.7     By Judgment dated October 19, 1999, each of the Plaintiffs obtained a judgment against Defendant-Jose Alfredo Jimenez individually in the respective sums of $1,233,600.00 (each).  This Judgment has been become final pursuant to Texas law. The Plaintiffs are Judgment creditors of Jose Alfredo Jimenez.  Exhibits "D" and "F".

1.8     The Beneficiary, Jose Alfredo Jimenez is currently incarcerated in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas.

## II.
## LEGAL ISSUE PRESENTED

2.1     In this particular case, the facts are undisputed.

2.2     The only issue for the Court in this Motion for Summary Judgment is a legal issue.

2.3     The controlling legal issue in this case is: If the beneficiary of a Trust is also the settlor and the Trust contains spendthrift language, can a judgment creditor of the beneficiary reach the proceeds of the trust to satisfy the judgment?

SHORT ANSWER:   **YES**

## III.
## ARGUMENT IN SUPPORT OF SUMMARY JUDGMENT AND BRIEF

3.1     It is undisputed the original $130,000.00 that was paid to Jimenez accruing under the Judgment was his property.  This was not money his mother gave him or anyone else, but rather, was money that was paid directly to him and placed into a Property Management Trust pursuant to Chapter 142 of the Texas Property Code.

3.2     Succinctly, the Corpus of the Trust was established totally from monies belonging to Jimenez and no portion of the Corpus of the Trust is money, property or other rights that were placed into the Trust by someone else owning that property.  Jimenez received $130,000.00 as a result of a wrongful death claim and was paid that money from a Judgment in a civil lawsuit. The money was subsequently placed into Chapter 142 Management Trust as a result of Jimenez being a minor at the time he received proceeds.

3.3     In ***Shurley vs. Texas Commerce Bank, et al***. 115 F.3d 333 (5th Cir. 1997), the Court stated that under Texas law, a beneficiary's interest in a spendthrift trust is not subject to

claims or creditors under Texas law **unless** the settlor creates the trust and makes himself a beneficiary.

3.4 Where a settlor creates a trust for his own benefit, and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned and they can reach his interest under the trust by garnishment. ***Bank of Dallas vs. Republic National Bank of Dallas***, 540 S.W.2d 499, 501 (Tex. Civ. App. Waco 1976, writ ref'd n.r.e).

3.5 In Texas, a settlor cannot create a spendthrift trust for his own benefit and have the trust insulated from the rights of creditors. ***Daniels vs. Pecan Valley Ranch, Inc***, 831 S.W.2d 372, 378 (Tex. App. --San Antonio 1992, writ denied). This prohibition is also found under Texas statutory law where the Texas Legislature has mandated that "*if the Settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of his beneficial interest does not prevent his creditors from satisfying claims from his interest in the trust estate.*" Texas Property Code § 112.035(d).

3.6 This rule applies in respect of both present and future creditors irrespective of any fraudulent intent in the settlement or purchase of a trust. ***Glass vs. Carpenter***, 330 S.W.2d 530, 533 (Tex. Civ. App. --San Antonio, 1959, writ ref'd n.r.e.), ***Shurley*** at p. 338.

3.7 In *Shurley*, the Fifth Circuit went even further and stated that public policy does not countenance devices by which one frees his own property from liability....and it is universally recognized that one cannot settle upon himself a spendthrift or other protective trust...which will be effective to protect either the income or the corpus against the claims of its creditors. ***Shurley*** at p. 338.

3.8 It is interesting to note that Chapter 112 of the Texas Property Code is entitled "Creation Validity Modification and Termination of The Trust." In § 112.035 of the Texas

Property Code, one can readily determine Texas law allows a spendthrift trust so long as it meets the requirements of § 112.035 (a) or (b). The Texas Legislature made it crystal clear that spendthrift protection would not be given in the event the settlor is also the beneficiary of the trust. See: Texas Property Code § 112.035(d).

3.9    The Jose Alfredo Jimenez Trust was established pursuant to Chapter 142 of the Texas Property Code not under Chapter 112. Chapter 142 is entitled "Management of Property Recovered in Suit by a Next of Friend or Guardian Ad-litem." Nowhere in Chapter 142 does one find the spendthrift provisions, protection or otherwise that is found in § 112.035. As a result, if the Texas legislature had wanted to give Chapter 142 Management Trust spendthrift protection, it could have done so by including the identical language that is found in § 112.035, but chose not to do so.

3.10    Furthermore, since the Trust at issue was established pursuant to Chapter 142 of the Texas Property Code, § 142.006 states "*if any person claims an interest in property subject to management under this Chapter, the Court having authority of the property may hear evidence on the interest and may order the claim or the portion of the claim found to be just to be paid to the person entitled to receive it.*" Clearly, Texas law allows the Court to order a Chapter 142 Trustee to pay creditors of a Chapter 142 beneficiary. A trust established under Chapter 142 was not intended to be covered by the § 112.035 Spendthrift Provision, but rather was intended to be used solely for the purpose of **managing** money belonging to a minor.

3.11    The money received by Jose Alfred Jimenez is a result of a civil lawsuit and was his from the start and that fact has never changed. Furthermore, this money was used exclusively to fund the Chapter 142 Trust, thereby making Jose Alfredo Jimenez the settlor and beneficiary

of the Trust. As a result, Jimenez nor his Trustee, Frost National Bank, can prevent a creditor from garnishing proceeds of the trust on the grounds that the trust has spendthrift language.

3.12 Where a settlor creates a trust for his benefit and inserts a spendthrift clause it is void as far as then existing or future creditors are concerned. ***Bank of Dallas*** at p. 501, ***Shurley*** at p. 339.

3.13 The Jose Alfredo Jimenez was established and created by money belong to Jimenez who is also the Beneficiary of the Trust; therefore, as a matter of law, he and the Trustee cannot use a spendthrift provision to prevent the creditor of the beneficiary from seizing Trust assets.

## IV.
## EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

4.1 The following evidence is attached to the Plaintiffs' Motion for Summary Judgment and incorporated by reference as if copied verbatim herein and in support of Plaintiffs' Motion for Summary Judgment, viz:

    a. Final Judgment dated May 24, 1984 attached hereto and incorporated herein by reference as **Exhibit "A"**;

    b. Order dated April 25, 1985 attached hereto and incorporated herein by reference as **Exhibit "B"**;

    c. The Jose Alfredo Jimenez Trust attached to the Order dated April 25, 1985 hereto and incorporated herein by reference as **Exhibit "B"**;

    d. Plaintiffs' First Amended Original Petition in Cause No.: 19-841-C, styled *Hector and Rosemary Martinez, as Heirs and Beneficiaries of Hector Julian Martinez, Jr., Deceased, and of Orlando Martinez, Deceased, and Celina Elizondo, as Heir*

*and Beneficiary of Albert R.. Ponce, Deceased v. Jose Alfredo Jimenez (TDCJ #785233)*, In the 278th Judicial District, Walker County, Texas attached hereto and incorporated herein by reference as **Exhibit "C"**; a

e.  Walker County Judgment dated October 19, 1999 attached hereto and incorporated herein by reference as **Exhibit "D"**;

## V.
## CONCLUSION

5.1  Since Jose Alfredo Jimenez was the settlor who created the Jose Alfredo Jimenez Trust and is also the beneficiary of the trust, he cannot claim nor can his Trustee claim spendthrift protection from creditors of the beneficiary as a matter of law.

5.2  The Jose Alfredo Jimenez Trust was created pursuant to Chapter 142 of the Texas Property Code which does not contain any spendthrift statutory protection.

5.3  Further, Texas Property Code § 142.006 gives the Court authority over the trust property and can order claims of creditors paid from the Trust.

5.4  Accordingly, Plaintiffs request this Court declare that Jose Alfredo Jimenez was the settlor and beneficiary of the Jose Alfredo Jimenez Trust; declare that the Jose Alfredo Jimenez Trust is not a spendthrift trust; declare the Plaintiffs are creditors of Jose Alfredo Jimenez; declare the Plaintiffs, as creditors of beneficiary Jose Alfredo Jimenez, are entitled to garnish the Jose Alfredo Jimenez Trust; or alternatively, order the Plaintiffs' be paid from property of the Trust pursuant to Texas Property Code § 142.006 and for such other and further relief, whether legal or equitable general or special to which these parties may show themselves justly entitled to receive.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (361) 887-8500
Fax: (361) 882-4500

By:_____
     J. MITCHELL CLARK
     State Bar No. 04283900
     Admission No. 11427

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, J. Mitchell Clark, hereby certify that the above and foregoing was forwarded in the

manner indicated to the persons listed below on this the 19th day of April, 2001:

**VIA HAND DELIVERY**
James H. Robichaux
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470

**VIA CMRRR: Z 849 082 910**
Jose Alfredo Jimenez
TDCJ #785233
Robertson Unit
Texas Department of Criminal Justice
12071 FM 3522
Abilene, Texas 79601

J. Mitchell Clark

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 24 1984

JESSE E. CLARK, CLERK
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| OLGA GONZALEZ JIMENEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF JUAN JOSE JIMENEZ, JR. AND JOSE ALFREDO JIMENEZ; AND SEPARATELY CELINA JIMENEZ GREEN, §§§§§§§ | |
| PLAINTIFFS §§ | C.A. #B-83-001 |
| CULBERSON WELL SERVICE, INC. AND "RIG NO. 8," §§§§ | |
| DEFENDANTS § | |

## FINAL JUDGMENT

On this 24th day of May, 1984, came Plaintiffs in person and by their attorney and also came Defendant by its attorney and all parties to this action, both formal and beneficial, announced to the Court that all matters in controversy herein had been compromised and settled by an agreement under the terms of which Olga Gonzalez Jimenez, Individually and as Administratrix of the Estate of Juan Jose Jimenez, Deceased, on behalf of herself and Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez; and also Celina Jimenez Green, have agreed to settle all claims against Culberson Well Service, Inc. for the sum of $355,000.00, cash, plus periodic payments totaling at least $1,020,000.00 and subject to the approval of the Court.

Plaintiff's Exhibit

TRUE COPY I CERTIFY
ATTEST:
JESSE E. CLARK, Clerk
By Deputy Clerk

MAY 29 1984

It appearing to the Court that there is a possible con-
flict of interest between Olga Gonzalez Jimenez in her capacities
as Administratrix of the Estate of Juan Jose Jimenez, Deceased,
Individually and as personal representative of the persons and
estates of the minor beneficiaries, Juan Jose Jimenez, Jr. and
Jose Alfredo Jimenez, the Court by Order appointed Kirk Brush,
Esq., a practicing attorney at the Bar of this Court, to act
as Guardian Ad Litem to inquire into and advise the Court of
such settlement so far as the minor surviving children of Juan
Jose Jimenez are concerned.

Said Guardian Ad Litem was advised of his appointment
prior to the time of the hearing of this matter and had ample
opportunity to investigate and satisfy himself as to the terms
of such settlement agreement. The Guardian Ad Litem has
reported to the Court that he has investigated and satisfied
himself as to the terms of the proposed settlement with regard
to the interests of the said minor children, whereupon the
Court proceeded to hear evidence as to the reasonableness of
the settlement agreement. At the hearing, the Guardian Ad
Litem formally advised the Court that after making investiga-
tion thereof that the settlement is fair and reasonable and
in the best interests of the minor children represented by
him. The Court upon evidence entered therefore finds:

-2-

1.   That Olga Gonzalez Jimenez is the duly appointed, qualified and acting temporary Administratrix of the Estate of Juan Jose Jimenez, Deceased, in and by virtue of proceedings held in the County Court of Victoria County, Texas, under Docket No. 2-9850, of which proceedings judicial notice is taken.

2.   That Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, is empowered under the laws of the State of Texas and of the United States to bring the claim filed by her and to give good and valid acquittances and releases thereupon and therefor, and subject to the approval of this Court, to enter into a valid and binding compromise and settlement of all claims arising under the general maritime law, laws and statutes of the several States of our Union, and laws and statutes of the United States, by, through or under her decedent.

That Celina Jimenez Green is a daughter of deceased, married to Okinawa Green, and is therefore an adult under the law, capable of bringing the action brought by her and of entering into a valid and binding compromise and settlement of all claims in her behalf arising under the general maritime law, laws and statutes of the several States

-3-

of our Union, and laws and statutes of the United States as a result of the death of her father, Juan Jose Jimenez.

3. That Juan Jose Jimenez was employed by Defendant Culberson Well Service, Inc., as a seaman aboard Rig No. 8, on which said vessel on or about November 2, 1982, he died while so serving, as a result of entering a void compartment in which the oxygen content was too low to sustain life. There is a genuine and bona fide dispute between Plaintiffs and Defendants as to whether the death of Juan Jose Jimenez was the result of unseaworthiness of Rig No. 8 and/or negligence of Defendant Culberson Well Service, Inc. those for whom it is responsible, including other members of the crew of Rig No. 8, or the negligence of Juan Jose Jimenez. The Court expressly makes no findings in favor of the merits of either the positions taken by Plaintiffs or those taken by Defendants.

4. That the Court finds, from the proof presented, there was no conscious pain, suffering or mental anguish on the part of Decedent, Juan Jose Jimenez.

5. That the said Juan Jose Jimenez, now deceased, was married to Olga Gonzalez Jimenez and to no one else. The only children born to such marriage or to decedent or adopted by decedent were Juan Jose Jimenez, Jr., Jose Alfredo Jimenez and Celina Jimenez Green. Only the surviving widow, Olga

-4-

Gonzalez Jimenez, the said minor children of Juan Jose Jimenez
and his now married daughter, Celina Jimenez Green, were dependent
upon or had a claim against Juan Jose Jimenez for their support
or were in any way damaged by the death of Juan Jose Jimenez. No
other children were ever born to or adopted by Juan Jose Jimenez
and neither the mother nor father nor siblings of Juan Jose
Jimenez, if any of them survived him, were in any way dependent
upon him and were not pecuniarily or otherwise damaged by his
death. The said surviving widow, minor children and married
daughter are the only persons entitled to claim damages by vir-
tue of the death of Juan Jose Jimenez, Deceased, under either
the Jones Act (46 USC 688), the Death on the High Seas Act
(46 USC 761), the laws of the State of Texas or the General
Maritime Law of the United States as it exists by virtue of
statute or Court decisions.

        6.  That the proposed settlement is fair and for
the best interests of all of the claimants therein.

     It is, accordingly, ORDERED, ADJUDGED and DECREED:

        A.  That the Plaintiff Olga Gonzalez Jimenez,
Administratrix of the Estate of Juan Jose Jimenez, Deceased,
have and recover of Defendant Culberson Well Service, Inc.
for and on behalf of Juan Jose Jimenez, Jr., appearing herein
by and through his next friend, Olga Gonzalez Jimenez, and his

-5-

Guardian Ad Litem Kirk Brush, Esq., the sum of One Hundred Thirty Thousand Dollars ($130,000.00), as and for all damages to which the said Juan Jose Jimenez, Jr. as a surviving minor son is entitled by virtue of the occurrences above described and the death of his said father.

B.   That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Jose Alfredo Jimenez, appearing herein by and through his next friend, Olga Gonzalez Jimenez, and his Guardian Ad Litem Kirk Brush, Esq., the sum of One Hundred Thirty Thousand Dollars ($130,000.00), as and for all damages to which the said Jose Alfredo Jimenez as a surviving minor son is entitled by virtue of the occurrences above described and the death of his said father.

C.   That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Celina Jimenez Green, the sum of Fifty Thousand Dollars ($50,000.00), as and for all damages to which the said Celina Jimenez Green as a surviving daughter is entitled by virtue of the occurrences above described and the death of her said father.

D.   The One Hundred Thirty Thousand Dollars ($130,000.00) herein awarded to each of the minors, Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez, is to be paid to each of them, a duly qualified Trustee, or to their respective estates or to their respective heirs at law as follows:

1.   In December, 1984, the sum of Ten Thousand Dollars ($10,000.00).

2.   In December, 1985, the sum of Ten Thousand Dollars ($10,000.00).

3.   In December, 1986, the sum of Ten Thousand Dollars ($10,000.00).

4.   In December, 1987, the sum of Ten Thousand Dollars ($10,000.00).

5.   Beginning in their eighteenth (18th) year of age for a total of four (4) consecutive years, the sum of Seven Thousand Five Hundred Dollars ($7,500.00) per year.

6.   In their twenty-fifth (25th) year of age, the sum of Sixty Thousand Dollars ($60,000.00).

E.   The Fifty Thousand Dollars ($50,000.00) herein awarded to the surviving daughter, Celina Jimenez Green, is to be paid to her or to her estate or to her heirs at law as follows:

-7-

1.    Ten Thousand Dollars ($10,000.00) cash upon entry hereof.

2.    In December, 1984, the sum of Ten Thousand Dollars ($10,000.00).

3.    In December, 1985, the sum of Ten Thousand Dollars ($10,000.00).

4.    In December, 1986, the sum of Ten Thousand Dollars ($10,000.00).

5.    In December, 1987, the sum of Ten Thousand Dollars ($10,000.00).

F.    That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Olga Gonzalez Jimenez, Individually as surviving widow of Juan Jose Jimenez, Deceased, the sum of Three Hundred Forty-Five Thousand Dollars ($345,000.00), cash; plus the sum of Two Thousand Dollars ($2,000.00) per month until the death of Olga Gonzalez Jimenez or for a period of twenty (20) years, whichever is longer, for a total of at least Four Hundred Eighty Thousand Dollars ($480,000.00) in such installments to be paid to Olga Gonzalez Jimenez or her estate; plus the sum of Forty Thousand Dollars ($40,000.00) to be paid in 1994, plus the sum of Eighty Thousand Dollars ($80,000.00)

-8-

to be paid in 2004, plus the sum of One Hundred Twenty Thousand Dollars ($120,000.00) to be paid in 2014, to Olga Gonzalez Jimenez or to her estate, for a total of an additional sum of Two Hundred Forty Thousand Dollars ($240,000.00) in such installments to be paid to Olga Gonzalez Jimenez or to her estate; for all damages including funeral expenses, to which the said Olga Gonzalez Jimenez is entitled by virtue of the occurrences above described and the death of her said husband.

G.  The periodic payments herein awarded to the said minor, married daughter and widow in Paragraphs A, B, C, D, E and F, above, are to be secured by the purchase by Defendant Culberson Well Service, Inc. of Annuity Policies of insurance for the benefit of the said minors, married daughter and widow.  The persons entitled to receive such periodic payments shall have no legal interest, vested or contingent, in such Annuity Policies.  Upon the purchase and the full payment of the premium for such policy or policies, the liability of Culberson Well Service, Inc. to make such payments shall be satisfied and this Judgment therefor shall also be fully satisfied, and no execution therefor shall thereafter ever issue against the said Defendant.  Said periodic payments shall begin within forty-five (45) days of the date hereof.

H.   That no recovery shall be had by any claimant or beneficial claimant except as above stated.  That the recoveries herein granted to the minor beneficiaries and married daughter shall be free and clear of all expenses and attorneys' fees.

I.   That a fee of _____ Dollars ($ 1,750.00 ) is hereby awarded to the Guardian Ad Litem above named for his representation of the said minor children of Juan Jose Jimenez, Deceased.

J.   That all taxable costs of Court, including the fees to be paid to the said Guardian Ad Litem, be and they are hereby taxed to Defendant Culberson Well Service, Inc.

K.   That all other relief sought by any party hereto, real or beneficial, or that could have been sought by any party hereto, real or beneficial, against any other party hereto arising out of the death of Juan Jose Jimenez, including but not limited to cross-claims, be and the same is hereby DENIED.

L.   It appearing to the Court that all the cash sums herein awarded to Plaintiff on behalf of Olga Gonzalez Jimenez and Celina Jimenez Green have been paid and satisfied, no execution therefor shall ever issue against either Defendant.

-10-

SIGNED for entry at Brownsville, Texas, on the date first above noted.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY
REQUESTED:

_____
ROBERT J. PATTERSON,
Attorney in Charge for
Plaintiff Olga Gonzalez
Jimenez, Individually and
as Administratrix of the
Estate of Juan Jose
Jimenez, Deceased; and
for Celina Jimenez Green

_____
KIRK BRUSH,
Guardian and Attorney Ad
Litem for Juan Jose
Jimenez, Jr. and Jose
Alfredo Jimenez

_____
R. W. WOOLSEY, Attorney
in Charge for Defendant
Culberson Well Service,
Inc.

-11-

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D

APR 2 5 1985

JESSE E. CLARK, CLERK
BY DEPUTY: *Gracie Calzado*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLGA GONZALEZ JIMENEZ, | § | |
| Individually and as personal | § | |
| representative of Juan Jose | § | |
| Jimenez, Jr., and Jose | § | |
| Alfredo Jimenez; and | § | |
| Separately Celina Jimenez | § | C.A. NO. B-83-001 |
| Green | § | |
| | § | |
| VS. | § | |
| | § | |
| CULBERSON WELL SERVICE, INC. | § | |
| and RIG NUMBER 8 | § | |

<u>ORDER</u>

On this day came on to be heard the application of Olga Gonzalez Jimenez, individually and as next friend of her minor child, Jose Alfredo Jimenez, hereinafter referred to as the Minor; and Kirk Brush, Guardian ad Litem for the Minor, which application requests the Court to establish a Trust Estate for the Minor pursuant to Tex. Prop. Code §142.005, and due and proper notice of the application and hearing thereof having been given to all interested persons, and the Applicants and all persons necessary for jurisdiction having appeared in person or by attorney, the Court proceeded to hear such application.

The Court after considering the evidence produced finds that it has proper and lawful jurisdiction over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; and that an Order and Decree establishing a Trust Estate for the benefit of the Minor should be entered,



Plaintiff's Exhibit

-1-

providing that funds in the amount of One Hundred Thirty Thousand
Dollars ($130,000.00) accruing under the Judgment heretofore
entered by the Court and held by Western National Life Insurance
Company of Amarillo, Texas 79167 and accruing from the Annuity
Policy of Insurance, Policy Number 215,364 purchased and paid in
full from said company by the Defendant Culberson Well Service,
Inc., pursuant to the aforementioned Judgment for the use and
benefit of Minor shall be held and invested by the Trustee
hereinafter designated as a Trust Estate for the Benefit of the
Minor; interest of the Minor will be served thereby,

It is therefore ORDERED, ADJUDGED and DECREED by the Court
as follows:

1.  The Western National Life Insurance Company of
Amarillo, Texas is hereby ordered upon entry of this Decree, to
forthwith pay and deliver the installment sum of Ten Thousand
Dollars now secured and held by said company and accruing from
the Annuity Policy of Insurance, Policy Number 215,364 purchased
and paid in full from said company by the Defendant, Culberson
Well Service, Inc., for the use and benefit of the Minor,
pursuant to the judgment entered in favor of the Minor heretofore
entered by the Court, unto Citizens State Bank, a state banking
association of Corpus Christi, Texas, as Trustee pursuant to this
decree and the Trust herein established, and to obtain a receipt
and acceptance from such Trustee.  The receipt by such Trustee
shall constitute a full discharge and acquittance by said company
from any further liability on account of such installment sum in

-2-

the amount of Ten Thousand Dollars ($10,000.00) presently accrued and held by said company pursuant to the judgment in favor of the Minor heretofore entered by the Court.

2.   The Western National Life Insurance Company of Amarillo, Texas is hereby ordered upon entry of this Decree, to forthwith, and until the termination of the Trust herein created, pay and deliver all future installment sums now secured and held by said company and accruing from the aforementioned Annuity Policy of Insurance, Policy Number 215,364, purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., for the use and benefit of the Minor, pursuant to the judgment entered in favor of the Minor heretofore entered by the Court, unto Citizens State Bank, a state banking association of Corpus Christi, Texas, as Trustee, pursuant to the Decree and the Trust herein established and to obtain a receipt and acceptance from such Trustee.  The receipt by such Trustee shall constitute a full discharge and acquittance by said company from any further liability on account of such future installment sums as they accrue and are paid from time to time during the period of this Trust by said company pursuant to the Judgment in favor of the Minor heretofore entered by the Court.

3.   Pursuant to the Tex. Prop. Code 142.005, the Trustee shall hold and invest such funds as a Trust Estate under the terms, provisions, and conditions of Trust set forth in the JOSE ALFREDO JIMENEZ TRUST, which is attached hereto as Exhibit A, and

made a part hereof for all purposes, and which Exhibit A shall constitute a part of this Decree of the Court pursuant to the Tex. Prop. Code 142.005.

SIGNED, RENDERED and ENTERED this 25t day of *april*, 1985.

_____
JUDGE PRESIDING

TRUE COPY 1 CERTIFY
ATTEST:
JESSE E. CLARK, Clerk
By _Gracie Calzada_
Deputy Clerk

-4-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLGA GONZALEZ JIMENEZ,<br>  Individually and as personal<br>  representative of Juan Jose<br>  Jimenez, Jr., and Jose<br>  Alfredo Jimenez; and<br>  Separately Celina Jimenez<br>  Green | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. B-83-001 |
| CULBERSON WELL SERVICE, INC.<br>  and RIG NUMBER 8 | §<br>§ | |

### THE JOSE ALFREDO JIMENEZ TRUST

#### ARTICLE I

The laws of the State of Texas shall govern the establishment and administration of this trust.

#### ARTICLE II

The terms defined below shall for purposes of this Trust have the meanings herein specified:

(a)  Trust:  The term "Trust" shall mean JOSE ALFREDO JIMENEZ TRUST established by the Decree to which this Trust is attached and the property, assets and funds as shall be held by the Trustee from time to time hereunder.

(b)  Trustee:  The term "Trustee" shall mean CITIZENS STATE BANK, a state banking association of Corpus Christi, Texas.

(c)  Court:  The term "Court" shall mean the United States District Court for the Southern District of Texas, Brownsville

*Exhibit A"

Division acting by and through the U. S. District Judge presiding thereover from time to time in accordance with the law.  In the event such Court should be dissolved, vacated, terminated, merged or cease to exist for any reason, the Presiding Judge of the U. S. Judicial District in which such Court is presently located, shall appoint a successor U. S. District court to exercise all rights reserved to the Court hereunder or existing by law.

(d)  Clerk:  The term "Clerk" shall mean the U. S. District Clerk for the Southern District of Texas, Brownsville Division.

(e)  Beneficiary:  The term "Beneficiary" shall mean JOSE ALFREDO JIMENEZ and he shall be the sole beneficiary of this Trust.

ARTICLE III

On or about the 24th day of May, 1984, this Court entered Judgment in favor of the Minor Jose Alfredo Jimenez, hereinafter designated as the Beneficiary, in the amount of One Hundred Thirty Thousand Dollars ($130,000.00).  Pursuant to the Decree of said Judgment, the said award amount of One Hundred Thirty Thousand Dollars ($130,000.00) is to be paid in periodic payments by the Defendant Culberson Well Service, Inc., and secured by the purchase and full payment of the premiums of an Annuity Policy of Insurance by said Defendant for the use and benefit of the Beneficiary, to-wit:

(a)  The installment sum of Ten Thousand Dollars now held by Western National Life Insurance Company of Amarillo, Texas 79

-2-

167 and accruing from the Annuity Policy of Insurance, Policy Number 215,364, purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary is hereby transferred and assigned unto the Trustee by the Court, pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

(b)   In addition, all future installments, accrued, paid and delivered forthwith, by the Defendant Culberson Well Service, Inc., or by Western National Life Insurance Company of Amarillo, Texas 79167 pursuant to the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by said Defendant in satisfaction of, and pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary are hereby transferred and assigned unto the Trusteeby the Court pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

ARTICLE IV

The Trustee with respect to the assets and property from time to time comprising all or any part of the corpus or income of the Trust shall have and exercise the following rights, powers

and privileges and shall be subject to the following conditions, duties, provisions and limitations:

(a) <u>General Powers Cumulative.</u> The Trustee, except to the extent that the same are inconsistent with the provisions of this Trust, in which event the provisions of this Trust shall govern, shall have all of the rights, powers and privileges, and be subject to all of the duties, responsibilities, conditions and liabilities set forth in the Texas Trust Code, as the same now exists or as it may hereafter be amended. Except as herein otherwise provided, the powers conferred upon the Trustee herein shall not be construed as in limitation of any authority conferred by law, but shall be construed as in addition thereto.

(b) <u>General Investment and Management Powers</u>. Trustee shall hold, manage, invest and reinvest the Trust Estate in accordance with the Management and Investment Standards found in Tex. Trust Code §113.056. The Trustee may invest all or any part of the Trust Estate in a common trust fund now or hereafter established by the Trustee. Trustee may also deposit funds held in the Trust Estate with itself as a permanent or temporary investment.

(c) <u>Distributions, Use and Applications.</u> The Trustee may distribute such amounts of the Trust corpus, the Trust income, or both as may be reasonably necessary in the discretion of the Trustee to provide for the health, education, support or maintenance of the Beneficiary. All distributions and all uses and applications of trust funds, either income or principal, may

be made directly to or expended for the benefit of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. The Trustee may pay any income or principal distribution to or for the benefit of the Beneficiary, including but not limited to the following methods:

      1. Directly to such Beneficiary;

      2. To the legal or natural guardian or person having custody of the Beneficiary; or

      3. Directly for the maintenance or support of the Beneficiary.

(d) <u>Unused Income.</u> Any income of the Trust not distributed pursuant to the provisions of Paragraph (c) of this Article IV shall be added to the corpus of the Trust.

(e) <u>Power to Determine Income and Principal.</u> Stock dividends and capital gains shall be treated as corpus. Except as herein otherwise specifically provided, the Trustee shall have full power and authority to determine the manner in which expenses are to be borne and in which receipts are to be credited as between principal and income, and also to determine what shall constitute income or net income and what shall constitute corpus or principal, and may withhold from income such reserves for depreciation or depletion as it may deem fair and equitable. In determining such matters, the Trustee may give consideration to the provisions of Sections 113.001 to 113.111, inclusive, of the Tex. Trust Code but shall not be bound by such provisions.

(f)  **Liability of Third Party.**  No purchaser at any sale made by the Trustee or persons dealing with the Trustee hereunder shall be obliged to see to the application of any money or property paid or delivered to the Trustee.  No person dealing with the Trustee shall be obliged to inquire into the expediency or propereity of any transaction or the authority of the Trustee to enter into and consummate the same upon such terms as it may deem advisable.

(g)  **No bond.**  The Trustee shall serve without bond.

(h)  **Trustee's Compensation.**  Upon application and approval of the Court of this Trust, the Trustee shall receive reasonable compensation for its services as Trustee, not to exceed the schedule of compensation attached hereto, marked Addendum "A" as incorporated herein, or as it may be changed from time to time.

(i)  **Termination.**  The Trust, subject to the restrictions, conditions and postponements herein specified, shall terminate and the assets and property then comprising the corpus and undistributed income shall be delivered and distributed in fee simple and free of trust as follows:

1.  Upon the death of the Beneficiary, the Trustee shall deliver the then existing trust corpus and any undistributed income to the duly qualified personal representative of the Beneficiary's estate.

2.  Unless sooner terminated as herein above provided, the Trustee shall deliver the then existing

Trust corpus and any undistributed income to the
Beneficiary upon the anniversary of his twenty-fifth
(25th) years of age.

## ARTICLE V

The Trustee, with respect to the funds accruing under the
Judgment heretofore entered by this Court on or about the 24th
day of May, 1984, shall acknowledge in writing to Mrs. Olga
Jimenez, 3405 Cypress, Victoria, Texas 77901, receipt of such
funds accruing under said Judgment, a copy of which is attached
hereto as Addendum "B", and made a part hereof for all purposes.

## ARTICLE VI

The Beneficiary of the Trust shall not have the right or
power to anticipate, by assignment or otherwise, any income or
corpus in the Trust; nor in advance of actually receiving the
same have the right or power to sell, transfer, encumber or in
anywise charge same, and the same shall in no way be subject to
judgment, execution or other process of law.

## ARTICLE VII

The Court retains and shall have the right to amend,
modify or revoke the Trust at any time, and from time to time,
prior to termination, by appropriate order entered of record and
delivered to the Trustee.  If the Trust is revoked by the Court
before the Beneficiary is 18 years old, the Court may provide for
the management of the trust principal and any undistributed
income as authorized by Chapter 142 of the Texas Prop. Code.  If
this Trust is revoked by the Court after the Beneficiary has

-7-

attained the age of 18, after payment of all proper and necessary expenses, the Trust corpus and any undistributed income shall be delivered to the Beneficiary.

## ARTICLE VIII

The Trustee may at any time resign upon giving to the Court thirty (30) days written notice. Thirty days after giving of such notice, the Trustee shall deposit the then existing corpus and undistributed income of the Trust with the Clerk and shall thereupon be discharged from this Trust without the necessity of any further Order of the Court, and shall be released, discharged and acquitted from any further responsibility or obligation concerning the Trust.

## ARTICLE IX

The Trustee shall keep books of account respecting the Trust and all transactions pertaining thereto, and shall furnish the court statements at least annually showing the receipts and disbursements of income and corpus of the Trust, and a list of assets held hereunder. Trustee may employ agents, attorneys and accountants, and compensate them out of the Trust. This Trust is established pursuant to Court order, and Trustee shall not be responsible or liable to the Beneficiary or any other person on account of any actions that the Trustee may take (or elect to forego taking) in Trustee's good faith reliance on any order or proceedings of the Court.

## ARTICLE X

This Trust shall not be subject to revocation by the Beneficiary nor any guardian of the Beneficiary's estate. This Trust shall take precedence over any existing law or statute concerning minors or their property, and this Trust shall continue in full force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate for the Beneficiary or the Beneficiary attaining majority.

## ARTICLE XI

This Trust shall become effective upon the entry of the Decree to which it is attached.

SIGNED and ENTERED this 25th day of April, 1985.

_____
JUDGE PRESIDING

The undersigned parties, each in the representative capacities stated, do each hereby approve the above and foregoing Decree and the JOSE ALFREDO JIMENEZ TRUST which is attached hereto as Exhibit A, both as to form and to substance, and each party further approves, ratifies and confirms such Trust and requests the Court to enter this Decree establishing the Trust.

Respectfully submitted,


OLGA GONZALES JIMENEZ
Individually and as Next Friend
of the Minor


KIRK BRUSH
Guardian ad Litem for the Minor
Bar No. 03261200


LAW OFFICES OF BOB PATTERSON
814 Leopard Street
P. O. Box 1010
Corpus Christi, Texas 78401
512/887-1881


By:
ROBERT J. PATTERSON
State Bar #15604500
ATTORNEY FOR APPLICANT


CITIZENS STATE BANK


By:
DON ZIMMERMAN


-10-

ADDENDUM "A"

CITIZENS STATE BANK OF CORPUS CHRISTI
TRUST DEPARTMENT
Schedule of Fees for Services
for Personal Trusts

A. . If the bank is responsible for the investment of cash, stocks, bonds,
   or similar liquid assets, the bank will charge annually 7½% of net
   earnings of first $5,000, 5% of net earnings on next $20,000 and 2½%
   of net earnings over $25,000, including unrealized capital gains for
   its services.

B. If the bank is responsible for leasing and maintaining improved real
   estate, the bank will charge 5% of income received and 2½% of maintenance
   cost.

C. For handling assets which the bank does not have active investment
   control, for example, existing mineral interest, existing real estate
   leases, etc., the bank will charge annually ½ of 1% of the first $50,000
   of fair market value, 3/8 of 1% of the fair market value over $50,000
   to $100,000, ¼ of 1% of the fair market value over $100,000 to $250,000,
   and 1/8 of 1% of the fair market value over $250,000.

D. A fee of $6.00 will be charged for each receipt and disbursement.
   However, no fee will be charged for contributions to the trust account,
   distributions to beneficiaries, deposits to Citizens State Bank accounts
   or disbursements for purchase of and receipts from Certificates of
   Deposit of Citizens State Bank or from the Citizens State Bank Common
   Trust Fund.

E. In addition to the above, brokerage fees, fees for legal services,
   preparation for tax returns, etc., may be charged to the account.
   Additional charges may be made for unusual or extraordinary services
   which cannot be anticipated, based upon the time and responsibility
   involved and the results obtained.

F. No minimum fees, set up charges or termination charges will be made,
   nor will any fee be charged on assets directed into Citizens State
   Bank of Corpus Christi's savings accounts, certificates of deposit,
   or other time deposits.

G. A fee of $25.00 will be assessed on "lease back" trusts when assets
   are purchased by means of a loan which requires full documentation,
   including preparation of notes, security agreements, corporate minutes,
   lease schedules, etc. No fee will be charged if such assets are purchased
   from current assets without the use of a loan.

Revised 11/28/84

7

CAUSE NO. 19-841-C



| | | |
|---|---|---|
| HECTOR AND ROSEMARY | § | IN THE DISTRICT COURT |
| MARTINEZ, as HEIRS, | § | |
| BENEFICIARIES OF HECTOR | § | |
| JULIAN MARTINEZ, JR., DECEASED | § | |
| and OF ORLANDO MARTINEZ, | § | |
| DECEASED, and | § | |
| CELINA ELIZONDO, as HEIR, | § | |
| BENEFICIARY OF ALBERT R. | § | |
| PONCE, DECEASED | § | |
| | § | |
| Plaintiffs | § | 278th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| JOSE ALFREDO JIMENEZ | § | |
| (TDC # 785233) | § | |
| Defendant | § | WALKER COUNTY, TEXAS |

---

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION
## PLAINTIFFS' DEMAND TRIAL BY JURY

---

TO THE HONORABLE JUDGE OF SAID COURT.

NOW COME, **HECTOR** and **ROSEMARY MARTINEZ** and **CELINA ELIZONDO**,

Plaintiffs herein, and files this their Plaintiffs' First Amended Original Petition complaining of

**JOSE ALFREDO JIMENEZ** (TDC # 785233), Defendant herein, and for cause or causes of

action will respectfully show the Court the following:

## I.
## PARTIES

1.    Plaintiffs are all heirs, beneficiaries and surviving parents and are entitled to bring this

action pursuant to § 71.004 and § 71.021 of the Tex. Civ. Prac. & Rem. Code.  Their names and

relationships to the deceaseds are as follows:

---

*Plaintiffs' First Amended Original Petition*
*Plaintiffs' Demand a Trial by Jury*
*Page 1*

Plaintiff's Exhibit
C

FILED
TIME ___10:00Am___
25 DAY OF _May, 19 98_

BERNICE COLEMAN
District Clerk, Walker County

By _____
                              Deputy

| NAME | RELATIONSHIP TO DECEDENTS |
|------|---------------------------|
| Hector Martinez | Father<br>of Hector Julian Martinez, Jr. and<br>Orlando Martinez |
| Rosemary Martinez | Mother<br>of Hector Julian Martinez, Jr. and<br>Orlando Martinez |
| Celina Elizondo | Mother<br>of Albert R. Ponce |

2.      Plaintiff-Hector Martinez is an individual who resides in Alice, Jim Wells County, Texas. He is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving father.

3.      Plaintiff-Rosemary Martinez is an individual who resides in Alice, Jim Wells County, Texas.  She is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving mother

4.      Plaintiff-Celina Elizondo is an individual who resides in Alice, Jim Wells County, Texas. She is an Heir and Beneficiary of Alberto R. Ponce, Jr and is his surviving mother.

5.      Defendant-**JOSE ALFREDO JIMENEZ (TDC # 785233)** is an individual who is incarcerated in the Texas Department of Corrections and whose place of residence is Walker County, Texas and may be served with process at the **Goree Unit. Texas Department of Criminal Justice, State Highway 75 South, Huntsville, Walker County, Texas  77340.**

## II.
## VENUE/JURISDICTION

6.      The Defendant resides in Walker County, Texas, therefore, venue is proper in Walker County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15 001 et seq. and § 15.039.

7.  The amount in controversy exceeds the minimum jurisdictional limits of the Court.

## III.
## FACTS

8.      On or about May 11, 1996 an argument ensued between the Deceaseds, Hector Julian Martinez, Jr., Orlando Martinez, Albert R. Ponce (collectively referred to as the "DECEASEDS") and Defendant, Jose Alfredo Jimenez (hereinafter referred to as "JIMENEZ") respecting money to purchase beer   Subsequently, JIMENEZ took his .22-caliber rifle and began firing at the Deceaseds. As a result of this incident, DECEASEDS sustained serious bodily injuries which resulted in their deaths.      This conduct on the part of JIMENEZ violated § 19.02 of the Texas Penal Code.

## IV.
## FIRST CAUSE OF ACTION
## WRONGFUL DEATH/GROSS NEGLIGENCE

9.      Plaintiffs reallege and incorporate herein by reference each and every fact and allegation contained in Paragraph 8, inclusive, as though fully set forth and made a part hereof.

10.     Plaintiffs, Hector and Rosemary Martinez and Celina Elizondo are the parents and surviving heirs at law of DECEASEDS.  Plaintiffs bring this wrongful death and gross negligence action pursuant to Tex. Civ. Prac. & Rem. Code §71.001 et. seq.  because of injuries suffered by the DECEASEDS resulting in their deaths based upon the facts and legal theories more fully set out

above. The Defendant's conduct in causing their deaths was the proximate cause of damages to the Plaintiffs for which they herein now sue.

11.     The negligence of the Defendant as aforesaid was of such a character as to make the Defendant guilty of gross negligence.   The conduct of Defendant was in heedless and reckless disregard of the rights of the Plaintiffs and involved such an entire want of care as to indicate that it was the result of conscious indifference to the rights, welfare, and safety of the Deceaseds.   The grossly intentional act of Defendant was undertaken with malice in that it was specifically intended by the Defendant to cause substantial injury to the Deceaseds and carried out by the Defendant with a flagrant disregard for the rights of others and with actual awareness that the act would, in reasonable probability, result in human death or great bodily harm.   The Plaintiffs, jointly and severally, are entitled to recover exemplary damages and Plaintiffs, jointly and severally, seek exemplary damages in an amount of not less than five (5) times the amount of actual damages.

12.     As a direct and proximate result of the wrongful deaths of the DECEASEDS and the intentional or grossly negligent conduct by the Defendant, the Plaintiffs, jointly and severally, are entitled to recover exemplary damages in an amount of not less than five (5) times the amount of actual damages from the Defendant.

## V.
## SECOND CAUSE OF ACTION
## SURVIVAL CLAIMS

13.     Plaintiffs reallege and incorporate herein by reference each and every fact and allegation contained in Paragraphs 8 through 12, inclusive, as if fully set forth and made a part hereof.

14.     No administration of the estates are currently pending.

15.    Survival Claims on Behalf of Hector and Rosemary Martinez.

A.    HECTOR JULIAN MARTINEZ, JR. (hereinafter referred to as "HJM"), Deceased, was 25 years of age at the time of his death.  At the time of HJM's wrongful death, he was survived by his parents, Hector and Rosemary Martinez, who are his heirs and the persons entitled to recover damages in this action. Plaintiffs seek damages, which were proximately caused by the Defendant, for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of such wrongful death.  Plaintiffs seek damages in excess of the jurisdictional limits of the court.

As a direct and proximate result of the death of HJM and the intentional or grossly negligent conduct by the Defendant, the Plaintiffs, jointly and severally, are entitled to recover punitive damages in an amount of not less than five (5) times the amount of actual damages recovered from the Defendant.

B.    ORLANDO MARTINEZ (hereinafter referred to as "OM"), Deceased, was 23 years of age at the time of his death.  At the time of OM's wrongful death, he was survived by his parents, Hector and Rosemary Martinez, who are his heirs and the persons entitled to recover damages in this action.  Plaintiffs seek damages, which were proximately caused by Defendant, for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred

because of such wrongful death. Plaintiffs seek damages in excess of the jurisdictional limits of the court.

As a direct and proximate result of the death of OM and the intentional or grossly negligent conduct by the Defendant, the Plaintiffs, jointly and severally, are entitled to recover punitive damages in an amount of not less than five (5) times the amount of actual damages recovered from the Defendant.

16.   <u>Survival Claims on Behalf of Celina Elizondo.</u>

   A.   ALBERT R. PONCE (hereinafter referred to as "ARP"), Deceased, was 17 years of age at the time of his death. At the time of ARP's wrongful death, he was survived by his mother, Celina Elizondo, who is his heir and the person entitled to recover damages in this action. Plaintiff seeks damage, which were proximately caused by Defendant, for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of such wrongful death. Plaintiff seeks damages in excess of the jurisdictional limits of the court.

As a direct and proximate result of the death of OM and the intentional or grossly negligent conduct by the Defendant, the Plaintiff is entitled to recover punitive damages in an amount of not less than five (5) times the amount of actual damages recovered from the Defendant.

**VI.**
**PUNITIVE DAMAGES**

17.   Plaintiffs reallege and incorporate herein by reference each and every fact and allegation contained in Paragraphs 8 through 16, inclusive, as if fully set forth and made a part hereof.

18.     The conduct on behalf of the Defendant was intentional and grossly negligent.  The Defendant's conduct demonstrated a specific intent by the Defendant to cause substantial injury to the Deceaseds.  Alternatively, the Defendant's malicious conduct, acts and omissions involved an extreme degree of risk to the Deceaseds and the Defendant had actual, subjective awareness of the risk involved to the Deceaseds, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of the Deceaseds.

19.     Furthermore, the Defendant's conduct violated § 19.02 of the Texas Penal Code.  The conduct described herein was done by the Defendant with the specific intent to do harm to the Deceaseds and the Defendant engaged in conduct which violated § 19 02 of the Texas Penal Code.  Accordingly, Plaintiffs, jointly and severally, seek an award of punitive damages from the Defendant and in an amount of not less than five (5) times the amount of Plaintiffs' actual damages.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray for an award and that the Court order the following:

    a.      That Defendant be cited to appear and answer herein;

    b.      Actual damages as determined by the trier of fact;

    c.      Punitive damages of not less than five times the amount of actual damages;

    d.      Prejudgment and postjudgment interest at the highest lawful rate; and

    e.      Costs of suit.

Plaintiffs pray for such other and further relief, whether legal or equitable, general or special, to which these Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
801 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (512) 887-8500
Fax: (512) 882-4500

By: _____
        J. Mitchell Clark
        State Bar No.: 04283900
        Admissions No.: 11427

ATTORNEY FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was forwarded in the manner indicated to

the persons listed below on this the 23rd day of March. 1998.

## VIA CMRRR: P 104 346 900

Jose Alfredo Jimenez TDCJ 785233
Charles T. Terrell Unit
12002 South F.M. 350
Livingston, Texas 77351

J. Mitchell Clark

c:\clients\martinez\1amdpet.doc(mr

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

Is your RETURN ADDRESS completed on the reverse side?

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Jose A Jimenez
Charles T. Terrell
12002 South FM 3
Livingston, T 7735

4a. Article Number
P 104 346900

4b. Service Type
☐ Registered
☒ Certified

5. Received By: (Print Name)
C. Proctor

6. Signature: (Addressee or Agent)
X C. Proctor

PS Form **3811**, December 1994

P 104 346 900

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
Jose A Jimenez

Street & Number

Post Office, State, & ZIP Code

| Postage | $ |
|---|---|
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |

PS Form **3800**, April 1995

Postmark or Date
Martinez v. Uji
JAPDP

---

*Plaintiffs' First Amended Original Petition*

*Plaintiffs' Demand a Trial by Jury*

*Page 10*

CAUSE NO. 19-841-C

| | | |
|---|---|---|
| HECTOR AND ROSEMARY | § | IN THE DISTRICT COURT |
| MARTINEZ, as HEIRS, | § | |
| BENEFICIARIES OF HECTOR | § | **FILED** |
| JULIAN MARTINEZ, JR., DECEASED | § | TIME _10:35Am_ |
| and OF ORLANDO MARTINEZ, | § | _19_ DAY OF _Oct_ 19 _99_ |
| DECEASED, and | § | BERNICE COLEMAN |
| CELINA ELIZONDO, as HEIR, | § | District Clerk, Walker County |
| BENEFICIARY OF ALBERT R. | § | By _____ |
| PONCE, DECEASED | § | Deputy |
| | § | |
| Plaintiffs | § | 278th JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| JOSE ALFREDO JIMENEZ | § | |
| (TDC # 785233) | § | |
| Defendant | § | WALKER COUNTY, TEXAS |

## JUDGMENT

On October 14, 1999, this cause came to be heard, **HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR., DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA (ELIZONDO) GARZA as HEIR, BENEFICIARY OF ALBERT R. PONCE, DECEASED**, the Plaintiffs, appeared in person and by attorney of record and announced ready for trial. Jose Alfredo Jimenez, Defendant, appeared in person representing himself, announced ready for trial. The Plaintiffs having waived their demand for jury and no jury having been demanded by the Defendant, all questions of fact were submitted to the Court and the case preceded to trial.

The Court, after hearing evidence and arguments of counsel and the Pro-Se Defendant is of the opinion, the Plaintiff- Celina (Elizondo) Garza is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest. The

JUDGMENT
PAGE 1



Plaintiff's Exhibit

Plaintiff- Rosemary Martinez is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest. The Plaintiff- Hector Martinez is entitled to recover of and from the Defendant-Jose Alfredo Jimenez the sum of $1,000,000.00 plus pre-judgment interest.

**IT IS THEREFORE ORDERED** by the Court that Celina (Elizondo) Garza, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS THEREFORE ORDERED** by the Court that Rosemary Martinez, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS THEREFORE ORDERED** by the Court that Hector Martinez, Plaintiff have and recover actual damages from Jose Alfredo Jimenez, Defendant, the sum of one million two hundred thirty-three thousand six hundred dollars ($1,233,600.00).

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Celina (Elizondo) Garza against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Rosemary Martinez against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

**IT IS FURTHER ORDERED** that the Judgment here rendered in favor of Plaintiff-Hector Martinez against Jose Alfredo Jimenez, Defendant shall bear interest at the rate of ten percent (10%) from October 14, 1999, until paid.

---

All costs of court expended or incurred in this cause are adjudged against Jose Alfredo Jimenez, Defendant.  All writs and processes for the enforcement and the collection of this Judgment or the cost of Court may issue as necessary.

All other relief not expressly granted in this Judgment is hereby denied.

Signed this _____ day _____ , 1999.

_____
JUDGE PRESIDING

**JUDGMENT**
**PAGE 3**

CISPDF - www.fastio.com

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED<br><br>PLAINTIFFS<br><br>VS.<br><br>FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, INDIVIDUALLY<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § | C. A. NO. B-01-004 |

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

Came on this _____ day of _____, 2001, to be heard in the above-entitled and numbered cause, Plaintiffs' Motion for Summary Judgment. All parties having appeared by and through their respective counsel of record and the Court having heard the arguments of counsel, and reviewing the evidence finds the following:

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment is hereby **GRANTED**.

All relief not specifically granted herein is hereby denied.

---

SIGNED ON THIS _____ DAY OF _____, 2001.


_____
JUDGE PRESIDING