*15*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, | § | |
| as Heirs, Beneficiaries of Hector Julian | § | |
| Martinez, Jr., Deceased and Of Orlando | § | |
| Martinez, Deceased, and CELINA | § | |
| ELIZONDO, as Heir Beneficiary of Albert | § | |
| R. Ponce, Deceased, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | C.a. No. **B-01-004** |
| | § | |
| FROST NATIONAL BANK, TRUSTEE | § | |
| FOR THE JOSE ALFREDO JIMENEZ | § | |
| TRUST, and JOSE ALFREDO JIMENEZ, | § | |
| Individually, | § | |
| | § | |
| Defendants | § | |

### TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
### AND REPLY IN OPPOSITION TO PLAINTIFFS'
### MOTION FOR SUMMARY JUDGMENT
### [Oral Argument Requested]

TO THE HONORABLE U.S. DISTRICT JUDGE:

Frost National Bank, Trustee for the Jose Alfredo Jimenez Trust (hereinafter

"Trustee") files this Motion for Summary Judgment on all claims. In the interest of brevity

and convenience to the Court, Trustee also submits this pleading in response and

opposition to Plaintiffs' Motion for Summary Judgment.


### I. ISSUE PRESENTED

This matter is submitted to the Court on Cross-Motions for Summary Judgment in

light of the fact that there are no disputed issues of material fact. The sole legal issue

C0044551.WPD:                                   -1-

before the Court is the enforceability of a spendthrift provision contained within a § 142 trust[1] established by this Court for the benefit of Defendant Jose Alfredo Jimenez (then a seven year old child). This is a case of first impression for this Court and Texas courts, generally.[2] The ramifications of this Court's prospective ruling are far reaching as virtually all § 142 trusts established by Courts contain spendthrift provisions. Literally hundreds of millions - if not billions of dollars in trust assets will be impacted state-wide.

## II. Material Uncontroverted Facts

1.    Jose Alfredo Jimenez was born November 27, 1977.

2.    By Final Judgment dated May 24, 1984 this Court entered a Final Judgment in favor of Jose Alfredo Jimenez - then six years old. This judgment was pursuant to a settlement of a wrongful death lawsuit brought for the death of his father.

3.    By Order dated April 25, 1985, this Court established the Trust for the benefit of Jose Alfredo Jimenez pursuant to Tex. Prop. Code § 142.005.

4.    The Court initially appointed Citizens State Bank of Corpus Christi as Trustee for the Jose Alfredo Jimenez Trust. Frost National Bank has since succeeded Citizens State Bank as trustee.

5.    Among the terms of the Trust, is a so-called "spendthrift" provision [Trust Article VI].

---

[1]All references to § 142 trusts refer to trusts established pursuant to Tex. Prop. Code § 142.005.

[2]There exists a single case in Texas dealing with a spendthrift provision in a § 142 trust. In that case, the Court of Appeals gave binding, conclusive effect to the spendthrift provision. Unfortunately, that opinion was ordered "not published" pursuant to Rule 47, T.R.A.P. Therefore, it cannot be cited.

6.      Both by statute and pursuant to its terms, the Trust shall terminate on November 27, 2002.

7.      By judgment dated October 19, 1999 each of the Plaintiffs obtained a judgment against Defendant Jose Alfredo Jimenez individually. Each Plaintiff was awarded the sum of $1,233,600.00.

8.      The beneficiary Jose Alfredo Jimenez is currently incarcerated in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas.

Attached hereto as additional uncontroverted summary judgment evidence are the following:[3]

A.      MSJ Exh. A. The judgment of this Court dated May 24, 1984;

B.      MSJ Exh. B. The Order of this Court dated April 25, 1985 establishing the Trust. The Trust instrument is itself attached to this Order.

### III. Argument & Authorities

#### A. Enforceability of Spendthrift Trusts

The courts of Texas recognize the validity of spendthrift trusts. No part of the spendthrift trust estate can be taken upon execution or garnishment by creditors of the beneficiary. Bank of Dallas v. Republic Nat'l Bank of Dallas, 540 S.W.2d 499, 501 (Tex. Civ. App.— Waco 1976, n.r.e.). In general, a spendthrift trust provision is one in which the

---

[3]These documents are prior orders of this Court in this action. The Court is requested to take judicial notice of them. They were also attached to Plaintiffs' Original Complaint and are therefore undisputed.

right of the beneficiary to future payments of income or capital cannot be voluntarily transferred by the beneficiary nor reached by his creditors. This rule has been accepted and adopted by the Fifth Circuit. Matter of Shurley, 115 F.3d 333, 337 (5th Cir. 1997). Accordingly, if the spendthrift provision of the Jimenez Trust is upheld, Plaintiffs cannot execute upon the Trust's assets. Once the Trust terminates by its terms on Mr. Jimenez's 25th birthday (November 27, 2002) the Trust's assets shall be distributed to him and would then be subject to execution.

### B. "SELF-SETTLOR" EXCEPTION TO SPENDTHRIFT TRUSTS

There is a recognized exception to the above-stated general rule pertaining to spendthrift trusts. This is the so-called "self-settlor" exception. This applies when the beneficiary in fact establishes the trust (i.e. as settlor) for himself, and attempts to insulate the trust assets with a spendthrift provision. In that event, the spendthrift provision will not be enforced to restrain either a voluntary or involuntary transfer of the beneficiary's beneficial interest, and does not prevent his creditors from satisfying claims from his interest in the trust estate. Republic Nat'l Bank of Dallas, 540 S.W.2d at 501; Matter of Shurley, 115 F.3d at 337; Daniels v. Pecan Valley Ranch, Inc., 831 S.W.2d 372, 387 (Tex. App.—San Antonio 1992, writ denied); see also Tex. Prop. Code Ann. § 112.035(d).

As stated by the Fifth Circuit in the Matter of Shurley, "the rationale for this 'self-settlor' rule is obvious enough: a debtor should not be able to escape claims of his creditors **by himself** setting up a spendthrift trust and **naming himself** as beneficiary." 115 F.3d at 337 (emphasis added).

## C. SELF-SETTLOR RULE IS INAPPLICABLE
### GIVEN THE UNIQUE CIRCUMSTANCES OF THIS CASE

For the reasons stated below, Trustee contends that the "self-settlor" rule has no application to this § 142 Trust; particularly in light of the unique circumstances under which this Trust was created and funded.

As the Fifth Circuit held in the Matter of Shurley, "spendthrift trusts have long been held valid by Texas courts." Id. at 338 (citing In Re Moody, 837 F.2d 719, 723 (5th Cir. 1988)). "Spendthrift trusts are not sustained out of consideration for the beneficiary. Their justification is found in the right of the donor to control his bounty and secure its application according to his pleasure." Id. at 338 (citing Hines v. Sands, 312 S.W.2d 275, 279 (Tex. Civ. App.—Fort Worth 1958, no writ)). Accordingly, the narrow legal issue presented to this Court for determination is whether under the unique circumstances involved this § 142 Trust, and the specific undisputed, uncontroverted facts involved in the way this Trust was funded, should Jose Alfredo Jimenez be considered the "donor" or "settlor" for purposes of application of the "self-settlor" rule. Plaintiffs contend he should. Trustee (and presumably Mr. Jimenez) strongly urge for both factual and strong public policy reasons, he should not.

### D. § 142 TRUSTS ARE UNIQUE

A § 142 trust, like the one involved in this case, is a creature of statute. Unlike other trusts that can be created by any settlor for any reason, legitimate or otherwise, a § 142 trust may only be established as a result of a lawsuit in which a minor who has no legal guardian (or an incapacitated person is represented by a next friend or an appointed

guardian ad litem) is a party.  At the time <u>this Court</u> established the subject § 142 Trust for the benefit of Mr. Jimenez, he was seven years old.

Unlike traditional trusts, a § 142 trust can only be created if <u>the Court</u> having jurisdiction over the lawsuit involving the minor **finds that the creation of a trust would be in the <u>best interest of the minor</u>**. § 142.005(a).  In other words, Mr. Jimenez did not (and could not) unilaterally decide to establish a trust to defraud his present or future creditors. Remember he was only seven years old.  Moreover, individuals purporting to act on his behalf could not unilaterally create a trust with a spendthrift provision.  To the contrary, <u>this Court</u> determined that this Trust - **including the spendthrift provision** - was <u>in the best interest of this child</u> as required by § 142.005(a).

§ 142.005(b) specifically authorizes and enables <u>the Court</u> to establish "terms, conditions, and limitations of the trust, as determined <u>by the Court</u>, that are not in conflict with certain specified mandatory provisions."  The spendthrift provision is clearly <u>not</u> in conflict with the mandatory provisions contained in § 142.005(b)(1)-(6).

Unlike other trusts to which the sole self-settlor rule does apply, in § 142 trusts the Trustee has sole discretion regarding disbursements.  The settlor/beneficiary has none. Further, in other trusts to which the self-settlor rule applies to preclude potential abuse, a § 142 trust terminates no later than the 25th birthday of the beneficiary.  Therefore, creditors are not denied their ability to execute on the assets.  Instead they are merely delayed temporarily.  In the present case, Mr. Jimenez will turn 25 in approximately a year and a-half.  Unlike situations to which the self-settlor rule applies, he has no means to manipulate the Trust assets in the interim.  Due to his incarceration, there is little danger of Trust assets being squandered.  In the present case, given the unique facts, Plaintiffs

C0044551.WPD:                                     -6-

are not being denied their ability to execute upon the Trust assets. They are simply being temporarily delayed a relatively short period of time.

### E. WHO IS THE SETTLOR?

Aside from the reasons stated above, the real question this Court needs to decide, relative to both § 142 trusts in general and this Trust in particular, is - Who should be considered to be the settlor of this Trust giving due regard for the public policy reasons for enforceability of spendthrift provisions and the public policy reasons for denying spendthrift protection to self-settlor created trusts? Plaintiffs argue that Jose Alfredo Jimenez should be deemed settlor of this Trust. They therefore argue that the self-settlor rule should apply. Trustee contends that such a determination is at best a hyper-technical construction. At worst, it flies in the face of both the unique facts of this Trust's creation, and the realities involved in the creation of § 142 trusts in general.

One must begin with the obvious. Jose Alfredo Jimenez was six years old when this Court entered a Final Judgment in his favor for the wrongful death of his father. Plaintiffs urge that therefore in May 1984, Jose Alfredo Jimenez became the "owner" of the funds. They further argue that when the Trust was created approximately one year later, he must be deemed to be the settlor.

A review of the Final Judgment entered by this Court shows by undisputed fact that Plaintiffs' overly technical construction is erroneous. As reflected in ¶ 6 D of the Judgment, Mr. Jimenez received no money on the date of judgment. The first proceeds were received on his behalf in December, 1984 in the sum of $10,000.00. This Court created the Trust, including the spendthrift provision, before any future disbursements. Secondly, by the

terms of the Judgment itself, the proceeds were not paid to Mr. Jimenez, but rather to "a duly qualified trustee". Thirdly, and most importantly, ¶ 6 G conclusively establishes that Mr. Jimenez did not receive any of the proceeds. To the contrary, the obligation to fund the judgment was actually secured by the Defendant's purchase of an annuity policy of insurance for the benefit of Mr. Jimenez. This Court conclusively judged that Mr. Jimenez had "no legal interest, vested or contingent" in the policy. In other words, this Court conclusively ruled that Mr. Jimenez had no interest in any of those future proceeds.

Approximately eleven months later, this Court entered an Order establishing the § 142 trust. As reflected in the Court's Order, the prior $10,000.00 installment - which had never been received by Mr. Jimenez - was ordered paid into the Trust. Further, the insurance company that issued the annuity policy was ordered to pay periodically all remaining installments to the Trustee. Jose Alfredo Jimenez - now seven years old - had no input into the decision making. Thus, the public policy reasons for denying spendthrift protection to a self-settlor trust are absent here in light of the fact that it was this Court that made the determination to establish the Trust, and this Court that specifically approved the spendthrift provision. This Court expressly retains jurisdiction to amend, modify, or revoke this Trust before its termination; not Mr. Jimenez who as beneficiary is statutorily precluded from revoking the Trust. Public policy dictates that with respect to § 142 trusts in general and this Trust in particular, Mr. Jimenez should not be deemed to be the settlor for purposes of applying the self-settlor rule. Instead this Court should be deemed the settlor for purposes of the self-settlor rule.

Just as the Trustee is precluded from collaterally attacking the judgment of the 278th Judicial District Court of Walker County where the Plaintiffs obtained their money judgment

C0044551.WPD:                              -8-

against Mr. Jimenez, Plaintiffs cannot collaterally attack the findings and judgment of this Court both in the rendition of the Final Judgment of May 24, 1984, and the Order establishing the § 142 Trust dated April 25, 1985. In light of the unique circumstances involved in § 142 trusts in general and in this case in particular, the determination of "**who is the settlor?**" really depends upon the determination of which person had the rights, duties, and privileges commonly held by the traditional settlor.

First and foremost, the traditional settlor has legal ownership and control over the assets to be placed in the trust. As the Fifth Circuit stated in Shurley (citing the Texas court in Hines), spendthrift trusts are not sustained out of consideration for the beneficiary. Their justification is found **in the right of the donor to control his bounty and secure its application according to his pleasure.**"[4] Again, the Court is referred to its Judgment of May 24, 1984 where it expressly found that "the persons entitled to receive such periodic payment shall have no legal interest, vested or contingent, in such Annuity Policies." From the outset, Jose Alfredo Jimenez never had control of the assets. Nor could he "secure its applications according to his pleasure." In fact, Plaintiffs judicially admit in ¶ 4.2 of their Original Complaint for Declaratory Judgment that "Jimenez was a minor child incapable of controlling any monies received." From inception, this Court sheltered any proceeds ultimately payable to Jimenez with spendthrift protection.

Secondly, the traditional settlor has the right to (a) choose to establish the trust, (b) provide for its terms, conditions, and limitations, (c) select the trustee, and (d) reserve, if he so chooses, the right to amend, modify, or revoke the trust on such terms as he may

---

[4] Matter of Shurley, 115 F.3d at 338; Hines v. Sands, 312 S.W. 2d 275, 279 (Tex. Civ. App.—Fort Worth 1958, no writ).

decide so long as they are not contrary to statute.  All of the foregoing rights traditionally held by a settlor <u>are held by this Court</u>.  Pursuant to § 142.005(a), it is <u>the Court</u> which decides whether or not it is in the best interest of the minor to establish the trust. Pursuant to § 142.005(a) it is <u>the Court</u> which has the right to select the trustee.  Pursuant to § 142.005(b) it is <u>the Court</u> that has the right to establish terms, conditions, and limitations on the trust not inconsistent with statutory prohibitions.  By way of example, if the Court - as here - chose to include a spendthrift provision, § 142.005(b) implicitly authorizes that; as a spendthrift provision is <u>not</u> in conflict with any of the mandatory provisions of § 142.005(b).

Contrary to Plaintiffs' assertion in their Motion for Summary Judgment, the legislature <u>did</u> empower the Court to impose spendthrift protections on § 142 trusts.  Had the legislature wanted to prohibit such provisions in § 142 trusts, the legislature could have very clearly inserted a prohibition of spendthrift protection comparable to Tex. Prop. Code § 112.035(d).  The legislature could have simply added a seventh mandatory provision which prohibited the inclusion of a spendthrift provision.   To the contrary, the legislature wisely left it to the sound discretion of the Court establishing the trust to insert those provisions that it felt appropriate; implicitly including but not limited to a spendthrift provision.

Thirdly, <u>the Court</u> selected the trustee; not Jose Alfredo Jimenez.

The final category of rights traditionally held by a settlor - the rights to amend, modify, and/or revoke again rest with <u>the Court</u>.  § 142.005(d).  Mr. Jimenez has never possessed any such right. Accordingly, under the critical analysis of what person or entity has the traditional rights and powers of a settlor, those rights and powers have <u>always</u>

rested exclusively with <u>this Court</u>. From inception, <u>this Court</u> implicitly imposed spendthrift characteristics on any and all proceeds that might ultimately be paid to the Jimenez child. Its judgment that Mr. Jimenez had "no legal interest, vested or contingent" in the property is conclusive. Likewise, <u>the Court 's</u> determination that it was in the best interest of the Jimenez child that the Trust have a spendthrift provision is likewise binding upon all parties. That spendthrift provision is not in conflict with the mandatory provisions of § 142.005(b). To the contrary, it is consistent with the broad discretion granted to trial courts by the legislature.

CONCLUSION

In light of the uncontroverted and undisputed fact that Mr. Jimenez has <u>never</u> had any legal right to any of the proceeds from this Court's judgment dated May 24, 1984, and given the uncontroverted fact that when creating the Trust this Court found that it was in the best interest of the minor to impose spendthrift protection upon its proceeds, and in light of Plaintiffs' own judicial admission that Mr. Jimenez was "a minor child incapable of controlling any monies received," this Court should determine that pursuant to the unique nature of § 142 trusts and the specific facts in this case, Mr. Jimenez should not be deemed a "settlor" of the trust for purposes of application of the self-settlor rule. The public policy considerations for <u>upholding</u> spendthrift provisions are present in this case in light of the fact that it was <u>the Court</u> that acted as the "donor" controlling the assets and their disposition. Moreover, the abuse that the self-settlor rule was intended to prohibit is not found in this case where only the most hyper-technical construction could support the claim that a seven year old child established this Trust and inserted the spendthrift provision. In determining who is the "settlor" of this Trust for applicability of the self-settlor rule, the

Court can reach but one conclusion - that it was the Court itself that possessed all of the rights and privileges traditionally and customarily held by a settlor. Mr. Jimenez (then seven years old) had none.

<u>PRAYER</u>

FOR THE FOREGOING REASONS, Frost National Bank as Trustee of the Jose Alfredo Jimenez Trust requests the Court deny the Plaintiffs' Motion for Summary Judgment, grant Trustee's Motion for Summary Judgment, and enter declaratory judgment that the beneficiary under a § 142 trust is not to be the settlor for purposes of applicability of the self-settlor rule, and accordingly the spendthrift provision is enforceable against creditors of the beneficiary.

Respectfully submitted,

_____
James H. Robicheaux, Attorney in charge
TSB #17088000
802 N. Carancahua, Suite 1900
Corpus Christi, TX 78470-0700
Telephone:   361/888-9261
Telecopier:   361/888-8504

Attorneys for FROST NATIONAL BANK

OF COUNSEL:

MATTHEWS & BRANSCOMB
A Professional Corporation
Scott L. Sherman
TSB #18245500
Omar J. Leal
TSB #24013015

## Certificate of Service

I, James H. Robichaux, do hereby certify that the foregoing was forwarded to counsel of record, as indicated below, on this the _25_ day of April, 2001.

Mr. Mitchell Clark
Attorney at Law
802 N. Carancahua, Suite 1650
Corpus Christi, TX 78470
*Via Certified Mail, RRR*

_____
James H. Robichaux

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 24 1984

JESSE E. CLARK, CLERK
BY DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLGA GONZALEZ JIMENEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF JUAN JOSE JIMENEZ, JR. AND JOSE ALFREDO JIMENEZ; AND SEPARATELY CELINA JIMENEZ GREEN, | § § § § § § § | |
| | § | C.A. #B-83-001 |
| PLAINTIFFS | § § | |
| CULBERSON WELL SERVICE, INC. AND "RIG NO. 8," | § § § | |
| DEFENDANTS | § | |

### FINAL JUDGMENT

On this 24th day of May, 1984, came Plaintiffs in person and by their attorney and also came Defendant by its attorney and all parties to this action, both formal and beneficial, announced to the Court that all matters in controversy herein had been compromised and settled by an agreement under the terms of which Olga Gonzalez Jimenez, Individually and as Administratrix of the Estate of Juan Jose Jimenez, Deceased, on behalf of herself and Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez; and also Celina Jimenez Green, have agreed to settle all claims against Culberson Well Service, Inc. for the sum of $355,000.00, cash, plus periodic payments totaling at least $1,020,000.00 and subject to the approval of the Court.

ADDENDUM "B"

TRUE COPY I CERTIFY
ATTEST:
JESSE E. CLARK, Clerk

By
Deputy Clerk

MAY 29 1984

It appearing to the Court that there is a possible con-
flict of interest between Olga Gonzalez Jimenez in her capacities
as Administratrix of the Estate of Juan Jose Jimenez, Deceased,
Individually and as personal representative of the persons and
estates of the minor beneficiaries, Juan Jose Jimenez, Jr. and
Jose Alfredo Jimenez, the Court by Order appointed Kirk Brush,
Esq., a practicing attorney at the Bar of this Court, to act
as Guardian Ad Litem to inquire into and advise the Court of
such settlement so far as the minor surviving children of Juan
Jose Jimenez are concerned.

Said Guardian Ad Litem was advised of his appointment
prior to the time of the hearing of this matter and had ample
opportunity to investigate and satisfy himself as to the terms
of such settlement agreement.  The Guardian Ad Litem has
reported to the Court that he has investigated and satisfied
himself as to the terms of the proposed settlement with regard
to the interests of the said minor children, whereupon the
Court proceeded to hear evidence as to the reasonableness of
the settlement agreement.  At the hearing, the Guardian Ad
Litem formally advised the Court that after making investiga-
tion thereof that the settlement is fair and reasonable and
in the best interests of the minor children represented by
him.  The Court upon evidence entered therefore finds:

ChmPDF - www.fastio.com

1.   That Olga Gonzalez Jimenez is the duly appointed, qualified and acting temporary Administratrix of the Estate of Juan Jose Jimenez, Deceased, in and by virtue of proceedings held in the County Court of Victoria County, Texas, under Docket No. 2-9850, of which proceedings judicial notice is taken.

2.   That Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, is empowered under the laws of the State of Texas and of the United States to bring the claim filed by her and to give good and valid acquittances and releases thereupon and therefor, and subject to the approval of this Court, to enter into a valid and binding compromise and settlement of all claims arising under the general maritime law, laws and statutes of the several States of our Union, and laws and statutes of the United States, by, through or under her decedent.

That Celina Jimenez Green is a daughter of deceased, married to Okinawa Green, and is therefore an adult under the law, capable of bringing the action brought by her and of entering into a valid and binding compromise and settlement of all claims in her behalf arising under the general maritime law, laws and statutes of the several States

-3-

of our Union, and laws and statutes of the United States as a result of the death of her father, Juan Jose Jimenez.

3. That Juan Jose Jimenez was employed by Defendant Culberson Well Service, Inc., as a seaman aboard Rig No. 8, on which said vessel on or about November 2, 1982, he died while so serving, as a result of entering a void compartment in which the oxygen content was too low to sustain life. There is a genuine and bona fide dispute between Plaintiffs and Defendants as to whether the death of Juan Jose Jimenez was the result of unseaworthiness of Rig No. 8 and/or negligence of Defendant Culberson Well Service, Inc. those for whom it is responsible, including other members of the crew of Rig No. 8, or the negligence of Juan Jose Jimenez. The Court expressly makes no findings in favor of the merits of either the positions taken by Plaintiffs or those taken by Defendants.

4. That the Court finds, from the proof presented, there was no conscious pain, suffering or mental anguish on the part of Decedent, Juan Jose Jimenez.

5. That the said Juan Jose Jimenez, now deceased, was married to Olga Gonzalez Jimenez and to no one else. The only children born to such marriage or to decedent or adopted by decedent were Juan Jose Jimenez, Jr., Jose Alfredo Jimenez and Celina Jimenez Green. Only the surviving widow, Olga

-4-

Gonzalez Jimenez, the said minor children of Juan Jose Jimenez and his now married daughter, Celina Jimenez Green, were dependent upon or had a claim against Juan Jose Jimenez for their support or were in any way damaged by the death of Juan Jose Jimenez. No other children were ever born to or adopted by Juan Jose Jimenez and neither the mother nor father nor siblings of Juan Jose Jimenez, if any of them survived him, were in any way dependent upon him and were not pecuniarily or otherwise damaged by his death. The said surviving widow, minor children and married daughter are the only persons entitled to claim damages by virtue of the death of Juan Jose Jimenez, Deceased, under either the Jones Act (46 USC 688), the Death on the High Seas Act (46 USC 761), the laws of the State of Texas or the General Maritime Law of the United States as it exists by virtue of statute or Court decisions.

6. That the proposed settlement is fair and for the best interests of all of the claimants therein.

It is, accordingly, ORDERED, ADJUDGED and DECREED:

A. That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc. for and on behalf of Juan Jose Jimenez, Jr., appearing herein by and through his next friend, Olga Gonzalez Jimenez, and his

-5-

Guardian Ad Litem Kirk Brush, Esq., the sum of One Hundred Thirty Thousand Dollars ($130,000.00), as and for all damages to which the said Juan Jose Jimenez, Jr. as a surviving minor son is entitled by virtue of the occurrences above described and the death of his said father.

B.   That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Jose Alfredo Jimenez, appearing herein by and through his next friend, Olga Gonzalez Jimenez, and his Guardian Ad Litem Kirk Brush, Esq., the sum of One Hundred Thirty Thousand Dollars ($130,000.00), as and for all damages to which the said Jose Alfredo Jimenez as a surviving minor son is entitled by virtue of the occurrences above described and the death of his said father.

C.   That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Celina Jimenez Green, the sum of Fifty Thousand Dollars ($50,000.00), as and for all damages to which the said Celina Jimenez Green as a surviving daughter is entitled by virtue of the occurrences above described and the death of her said father.

D.   The One Hundred Thirty Thousand Dollars ($130,000.00) herein awarded to each of the minors, Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez, is to be paid to each of them, a duly qualified Trustee, or to their respective estates or to their respective heirs at law as follows:

1.   In December, 1984, the sum of Ten Thousand Dollars ($10,000.00).

2.   In December, 1985, the sum of Ten Thousand Dollars ($10,000.00).

3.   In December, 1986, the sum of Ten Thousand Dollars ($10,000.00).

4.   In December, 1987, the sum of Ten Thousand Dollars ($10,000.00).

5.   Beginning in their eighteenth (18th) year of age for a total of four (4) consecutive years, the sum of Seven Thousand Five Hundred Dollars ($7,500.00) per year.

6.   In their twenty-fifth (25th) year of age, the sum of Sixty Thousand Dollars ($60,000.00).

E.   The Fifty Thousand Dollars ($50,000.00) herein awarded to the surviving daughter, Celina Jimenez Green, is to be paid to her or to her estate or to her heirs at law as follows:

       1.    Ten Thousand Dollars ($10,000.00) cash upon entry hereof.

       2.    In December, 1984, the sum of Ten Thousand Dollars ($10,000.00).

       3.    In December, 1985, the sum of Ten Thousand Dollars ($10,000.00).

       4.    In December, 1986, the sum of Ten Thousand Dollars ($10,000.00).

       5.    In December, 1987, the sum of Ten Thousand Dollars ($10,000.00).

       F.    That the Plaintiff Olga Gonzalez Jimenez, Administratrix of the Estate of Juan Jose Jimenez, Deceased, have and recover of Defendant Culberson Well Service, Inc., for and on behalf of Olga Gonzalez Jimenez, Individually as surviving widow of Juan Jose Jimenez, Deceased, the sum of Three Hundred Forty-Five Thousand Dollars ($345,000.00), cash; plus the sum of Two Thousand Dollars ($2,000.00) per month until the death of Olga Gonzalez Jimenez or for a period of twenty (20) years, whichever is longer, for a total of at least Four Hundred Eighty Thousand Dollars ($480,000.00) in such installments to be paid to Olga Gonzalez Jimenez or her estate; plus the sum of Forty Thousand Dollars ($40,000.00) to be paid in 1994, plus the sum of Eighty Thousand Dollars ($80,000.00)

-8-

to be paid in 2004, plus the sum of One Hundred Twenty Thousand Dollars ($120,000.00) to be paid in 2014, to Olga Gonzalez Jimenez or to her estate, for a total of an additional sum of Two Hundred Forty Thousand Dollars ($240,000.00) in such installments to be paid to Olga Gonzalez Jimenez or to her estate; for all damages including funeral expenses, to which the said Olga Gonzalez Jimenez is entitled by virtue of the occurrences above described and the death of her said husband.

G.   The periodic payments herein awarded to the said minor, married daughter and widow in Paragraphs A, B, C, D, E and F, above, are to be secured by the purchase by Defendant Culberson Well Service, Inc. of Annuity Policies of insurance for the benefit of the said minors, married daughter and widow.   The persons entitled to receive such periodic payments shall have no legal interest, vested or contingent, in such Annuity Policies.   Upon the purchase and the full payment of the premium for such policy or policies, the liability of Culberson Well Service, Inc. to make such payments shall be satisfied and this Judgment therefor shall also be fully satisfied, and no execution therefor shall thereafter ever issue against the said Defendant.   Said periodic payments shall begin within forty-five (45) days of the date hereof.

H.   That no recovery shall be had by any claimant or beneficial claimant except as above stated.   That the recoveries herein granted to the minor beneficiaries and married daughter shall be free and clear of all expenses and attorneys' fees.

I.   That a fee of _____ Dollars ($ 1,750.00 ) is hereby awarded to the Guardian Ad Litem above named for his representation of the said minor children of Juan Jose Jimenez, Deceased.

J.   That all taxable costs of Court, including the fees to be paid to the said Guardian Ad Litem, be and they are hereby taxed to Defendant Culberson Well Service, Inc.

K.   That all other relief sought by any party hereto, real or beneficial, or that could have been sought by any party hereto, real or beneficial, against any other party hereto arising out of the death of Juan Jose Jimenez, including but not limited to cross-claims, be and the same is hereby DENIED.

L.   It appearing to the Court that all the cash sums herein awarded to Plaintiff on behalf of Olga Gonzalez Jimenez and Celina Jimenez Green have been paid and satisfied, no execution therefor shall ever issue against either Defendant.

SIGNED for entry at Brownsville, Texas, on the date first above noted.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY
REQUESTED:

_____
ROBERT J. PATTERSON,
Attorney in Charge for
Plaintiff Olga Gonzalez
Jimenez, Individually and
as Administratrix of the
Estate of Juan Jose
Jimenez, Deceased; and
for Celina Jimenez Green

_____
KIRK BRUSH,
Guardian and Attorney Ad
Litem for Juan Jose
Jimenez, Jr. and Jose
Alfredo Jimenez

_____
R. W. WOOLSEY, Attorney
in Charge for Defendant
Culberson Well Service,
Inc.

-11-

Case 1:01-cv-00004   Document 15   Filed in TXSD on 04/26/2001   Page 25 of 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D

APR 2 5 1985

JESSE E. CLARK, CLERK
BY DEPUTY: Gracie Calzada

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OLGA GONZALEZ JIMENEZ,          §
  Individually and as personal    §
  representative of Juan Jose      §
  Jimenez, Jr., and Jose          §
  Alfredo Jimenez; and            §
  Separately Celina Jimenez        §          C.A. NO. B-83-001
  Green                           §
                                  §
VS.                              §
                                  §
CULBERSON WELL SERVICE, INC.     §
  and RIG NUMBER 8               §

## ORDER

On this day came on to be heard the application of Olga
Gonzalez Jimenez, individually and as next friend of her minor
child, Jose Alfredo Jimenez, hereinafter referred to as the
Minor; and Kirk Brush, Guardian ad Litem for the Minor, which
application requests the Court to establish a Trust Estate for
the Minor pursuant to Tex. Prop. Code §142.005, and due and
proper notice of the application and hearing thereof having been
given to all interested persons, and the Applicants and all
persons necessary for jurisdiction having appeared in person or
by attorney, the Court proceeded to hear such application.

The Court after considering the evidence produced finds
that it has proper and lawful jurisdiction over the persons and
subject matter of this proceeding; that all proceedings have been
lawful and proper; and that an Order and Decree establishing a
Trust Estate for the benefit of the Minor should be entered,



-1-

MAY 3 1 1985

providing that funds in the amount of One Hundred Thirty Thousand Dollars ($130,000.00) accruing under the Judgment heretofore entered by the Court and held by Western National Life Insurance Company of Amarillo, Texas 79167 and accruing from the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., pursuant to the aforementioned Judgment for the use and benefit of Minor shall be held and invested by the Trustee hereinafter designated as a Trust Estate for the Benefit of the Minor; interest of the Minor will be served thereby,

It is therefore ORDERED, ADJUDGED and DECREED by the Court as follows:

1. The Western National Life Insurance Company of Amarillo, Texas is hereby ordered upon entry of this Decree, to forthwith pay and deliver the installment sum of Ten Thousand Dollars now secured and held by said company and accruing from the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by the Defendant, Culberson Well Service, Inc., for the use and benefit of the Minor, pursuant to the judgment entered in favor of the Minor heretofore entered by the Court, unto Citizens State Bank, a state banking association of Corpus Christi, Texas, as Trustee pursuant to this decree and the Trust herein established, and to obtain a receipt and acceptance from such Trustee. The receipt by such Trustee shall constitute a full discharge and acquittance by said company from any further liability on account of such installment sum in

-2-

the amount of Ten Thousand Dollars ($10,000.00) presently accrued and held by said company pursuant to the judgment in favor of the Minor heretofore entered by the Court.

2.   The Western National Life Insurance Company of Amarillo, Texas is hereby ordered upon entry of this Decree, to forthwith, and until the termination of the Trust herein created, pay and deliver all future installment sums now secured and held by said company and accruing from the aforementioned Annuity Policy of Insurance, Policy Number 215,364, purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., for the use and benefit of the Minor, pursuant to the judgment entered in favor of the Minor heretofore entered by the Court, unto Citizens State Bank, a state banking association of Corpus Christi, Texas, as Trustee, pursuant to the Decree and the Trust herein established and to obtain a receipt and acceptance from such Trustee.  The receipt by such Trustee shall constitute a full discharge and acquittance by said company from any further liability on account of such future installment sums as they accrue and are paid from time to time during the period of this Trust by said company pursuant to the Judgment in favor of the Minor heretofore entered by the Court.

3.   Pursuant to the Tex. Prop. Code 142.005, the Trustee shall hold and invest such funds as a Trust Estate under the terms, provisions, and conditions of Trust set forth in the JOSE ALFREDO JIMENEZ TRUST, which is attached hereto as Exhibit A, and

-3-

made a part hereof for all purposes, and which Exhibit A shall constitute a part of this Decree of the Court pursuant to the Tex. Prop. Code 142.005.

SIGNED, RENDERED and ENTERED this 25 day of *april*, 1985.

_____
JUDGE PRESIDING

TRUE COPY 1 CERTIFY
ATTEST:
JESSE E. CLARK, Clerk
By _Gracie Calzada_
      Deputy Clerk

-4-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OLGA GONZALEZ JIMENEZ, Individually and as personal representative of Juan Jose Jimenez, Jr., and Jose Alfredo Jimenez; and Separately Celina Jimenez Green | § § § § § § § | |
| | § | C.A. NO. B-83-001 |
| VS. | § § | |
| CULBERSON WELL SERVICE, INC. and RIG NUMBER 8 | § § | |

## THE JOSE ALFREDO JIMENEZ TRUST

### ARTICLE I

The laws of the State of Texas shall govern the establishment and administration of this trust.

### ARTICLE II

The terms defined below shall for purposes of this Trust have the meanings herein specified:

(a)  Trust:  The term "Trust" shall mean JOSE ALFREDO JIMENEZ TRUST established by the Decree to which this Trust is attached and the property, assets and funds as shall be held by the Trustee from time to time hereunder.

(b)  Trustee:  The term "Trustee" shall mean CITIZENS STATE BANK, a state banking association of Corpus Christi, Texas.

(c)  Court:  The term "Court" shall mean the United States District Court for the Southern District of Texas, Brownsville

" Exhibit A "

CHMPDF - www.verypdf.com

Division acting by and through the U. S. District Judge presiding thereover from time to time in accordance with the law.  In the event such Court should be dissolved, vacated, terminated, merged or cease to exist for any reason, the Presiding Judge of the U. S. Judicial District in which such Court is presently located, shall appoint a successor U. S. District court to exercise all rights reserved to the Court hereunder or existing by law.

(d)  Clerk:  The term "Clerk" shall mean the U. S. District Clerk for the Southern District of Texas, Brownsville Division.

(e)  Beneficiary:  The term "Beneficiary" shall mean JOSE ALFREDO JIMENEZ and he shall be the sole beneficiary of this Trust.

ARTICLE III

On or about the 24th day of May, 1984, this Court entered Judgment in favor of the Minor Jose Alfredo Jimenez, hereinafter designated as the Beneficiary, in the amount of One Hundred Thirty Thousand Dollars ($130,000.00).  Pursuant to the Decree of said Judgment, the said award amount of One Hundred Thirty Thousand Dollars ($130,000.00) is to be paid in periodic payments by the Defendant Culberson Well Service, Inc., and secured by the purchase and full payment of the premiums of an Annuity Policy of Insurance by said Defendant for the use and benefit of the Beneficiary, to-wit:

(a)  The installment sum of Ten Thousand Dollars now held by Western National Life Insurance Company of Amarillo, Texas 79

-2-

167 and accruing from the Annuity Policy of Insurance, Policy Number 215,364, purchased and paid in full from said company by the Defendant Culberson Well Service, Inc., pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary is hereby transferred and assigned unto the Trustee by the Court, pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

(b)   In addition, all future installments, accrued, paid and delivered forthwith, by the Defendant Culberson Well Service, Inc., or by Western National Life Insurance Company of Amarillo, Texas 79167 pursuant to the Annuity Policy of Insurance, Policy Number 215,364 purchased and paid in full from said company by said Defendant in satisfaction of, and pursuant to the aforementioned Judgment for the use and benefit of the Beneficiary are hereby transferred and assigned unto the Trusteeby the Court pursuant to Tex. Prop. Code §142.005 to be held, invested, administered and distributed as a Trust Estate for the sole benefit of the Beneficiary under the terms, provisions, conditions and limitations hereinafter set out.

## ARTICLE IV

The Trustee with respect to the assets and property from time to time comprising all or any part of the corpus or income of the Trust shall have and exercise the following rights, powers

and privileges and shall be subject to the following conditions,
duties, provisions and limitations:

(a)  General Powers Cumulative.  The Trustee, except to
the extent that the same are inconsistent with the provisions of
this Trust, in which event the provisions of this Trust shall
govern, shall have all of the rights, powers and privileges, and
be subject to all of the duties, responsibilities, conditions and
liabilities set forth in the Texas Trust Code, as the same now
exists or as it may hereafter be amended.  Except as herein
otherwise provided, the powers conferred upon the Trustee herein
shall not be construed as in limitation of any authority
conferred by law, but shall be construed as in addition thereto.

(b)  General Investment and Management Powers.  Trustee
shall hold, manage, invest and reinvest the Trust Estate in
accordance with the Management and Investment Standards found in
Tex. Trust Code §113.056.  The Trustee may invest all or any part
of the Trust Estate in a common trust fund now or hereafter
established by the Trustee.  Trustee may also deposit funds held
in the Trust Estate with itself as a permanent or temporary
investment.

(c)  Distributions, Use and Applications.  The Trustee may
distribute such amounts of the Trust corpus, the Trust income, or
both as may be reasonably necessary in the discretion of the
Trustee to provide for the health, education, support or
maintenance of the Beneficiary.  All distributions and all uses
and applications of trust funds, either income or principal, may

-4-

CVAPDF - www.fabula.com

be made directly to or expended for the benefit of the
Beneficiary without the intervention of any legal guardian or
other legal representative of the Beneficiary. The Trustee may
pay any income or principal distribution to or for the benefit of
the Beneficiary, including but not limited to the following
methods:

      1.  Directly to such Beneficiary;

      2.  To the legal or natural guardian or person having
custody of the Beneficiary; or

      3.  Directly for the maintenance or support of the
Beneficiary.

    (d)  <u>Unused Income.</u> Any income of the Trust not
distributed pursuant to the provisions of Paragraph (c) of this
Article IV shall be added to the corpus of the Trust.

    (e)  <u>Power to Determine Income and Principal.</u> Stock
dividends and capital gains shall be treated as corpus. Except
as herein otherwise specifically provided, the Trustee shall have
full power and authority to determine the manner in which
expenses are to be borne and in which receipts are to be credited
as between principal and income, and also to determine what shall
constitute income or net income and what shall constitute corpus
or principal, and may withhold from income such reserves for
depreciation or depletion as it may deem fair and equitable. In
determining such matters, the Trustee may give consideration to
the provisions of Sections 113.001 to 113.111, inclusive, of the
Tex. Trust Code but shall not be bound by such provisions.

(f)   **Liability of Third Party.**   No purchaser at any sale made by the Trustee or persons dealing with the Trustee hereunder shall be obliged to see to the application of any money or property paid or delivered to the Trustee.   No person dealing with the Trustee shall be obliged to inquire into the expediency or properiety of any transaction or the authority of the Trustee to enter into and consummate the same upon such terms as it may deem advisable.

(g)   **No bond.**   The Trustee shall serve without bond.

(h)   **Trustee's Compensation.**   Upon application and approval of the Court of this Trust, the Trustee shall receive reasonable compensation for its services as Trustee, not to exceed the schedule of compensation attached hereto, marked Addendum "A" as incorporated herein, or as it may be changed from time to time.

(i)   **Termination.**   The Trust, subject to the restrictions, conditions and postponements herein specified, shall terminate and the assets and property then comprising the corpus and undistributed income shall be delivered and distributed in fee simple and free of trust as follows:

1.  Upon the death of the Beneficiary, the Trustee shall deliver the then existing trust corpus and any undistributed income to the duly qualified personal representative of the Beneficiary's estate.

2.  Unless sooner terminated as herein above provided, the Trustee shall deliver the then existing

-6-

Trust corpus and any undistributed income to the
Beneficiary upon the anniversary of his twenty-fifth
(25th) years of age.

## ARTICLE V

The Trustee, with respect to the funds accruing under the
Judgment heretofore entered by this Court on or about the 24th
day of May, 1984, shall acknowledge in writing to Mrs. Olga
Jimenez, 3405 Cypress, Victoria, Texas 77901, receipt of such
funds accruing under said Judgment, a copy of which is attached
hereto as Addendum "B", and made a part hereof for all purposes.

## ARTICLE VI

The Beneficiary of the Trust shall not have the right or
power to anticipate, by assignment or otherwise, any income or
corpus in the Trust; nor in advance of actually receiving the
same have the right or power to sell, transfer, encumber or in
anywise charge same, and the same shall in no way be subject to
judgment, execution or other process of law.

## ARTICLE VII

The Court retains and shall have the right to amend,
modify or revoke the Trust at any time, and from time to time,
prior to termination, by appropriate order entered of record and
delivered to the Trustee.  If the Trust is revoked by the Court
before the Beneficiary is 18 years old, the Court may provide for
the management of the trust principal and any undistributed
income as authorized by Chapter 142 of the Texas Prop. Code.  If
this Trust is revoked by the Court after the Beneficiary has

-7-

attained the age of 18, after payment of all proper and necessary expenses, the Trust corpus and any undistributed income shall be delivered to the Beneficiary.

### ARTICLE VIII

The Trustee may at any time resign upon giving to the Court thirty (30) days written notice.  Thirty days after giving of such notice, the Trustee shall deposit the then existing corpus and undistributed income of the Trust with the Clerk and shall thereupon be discharged from this Trust without the necessity of any further Order of the Court, and shall be released, discharged and acquitted from any further responsibility or obligation concerning the Trust.

### ARTICLE IX

The Trustee shall keep books of account respecting the Trust and all transactions pertaining thereto, and shall furnish the court statements at least annually showing the receipts and disbursements of income and corpus of the Trust, and a list of assets held hereunder.  Trustee may employ agents, attorneys and accountants, and compensate them out of the Trust.  This Trust is established pursuant to Court order, and Trustee shall not be responsible or liable to the Beneficiary or any other person on account of any actions that the Trustee may take (or elect to forego taking) in Trustee's good faith reliance on any order or proceedings of the Court.

## ARTICLE X

This Trust shall not be subject to revocation by the Beneficiary nor any guardian of the Beneficiary's estate. This Trust shall take precedence over any existing law or statute concerning minors or their property, and this Trust shall continue in full force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate for the Beneficiary or the Beneficiary attaining majority.

## ARTICLE XI

This Trust shall become effective upon the entry of the Decree to which it is attached.

SIGNED and ENTERED this _25th_ day of _april_ , 1985.

_____
JUDGE PRESIDING

The undersigned parties, each in the representative capacities stated, do each hereby approve the above and foregoing Decree and the JOSE ALFREDO JIMENEZ TRUST which is attached hereto as Exhibit A, both as to form and to substance, and each party further approves, ratifies and confirms such Trust and requests the Court to enter this Decree establishing the Trust.

Respectfully submitted,

OLGA GONZALES JIMENEZ
Individually and as Next Friend
of the Minor

KIRK BRUSH
Guardian ad Litem for the Minor
*Bar No. 03261200*

LAW OFFICES OF BOB PATTERSON
814 Leopard Street
P. O. Box 1010
Corpus Christi, Texas 78401
512/887-1881

By:
ROBERT J. PATTERSON
State Bar #15604500
ATTORNEY FOR APPLICANT

CITIZENS STATE BANK

By:
DON ZIMMERMAN

-10-

Case 1:01-cv-00004   Document 15   Filed in TXSD on 04/26/2001   Page 39 of 39

## ADDENDUM "A"

### CITIZENS STATE BANK OF CORPUS CHRISTI
### TRUST DEPARTMENT
#### Schedule of Fees for Services
#### for Personal Trusts

A.  If the bank is responsible for the investment of cash, stocks, bonds, or similar liquid assets, the bank will charge annually 7½% of net earnings of first $5,000, 5% of net earnings on next $20,000 and 2½% of net earnings over $25,000, including unrealized capital gains for its services.

B.  If the bank is responsible for leasing and maintaining improved real estate, the bank will charge 5% of income received and 2½% of maintenance cost.

C.  For handling assets which the bank does not have active investment control, for example, existing mineral interest, existing real estate leases, etc., the bank will charge annually ½ of 1% of the first $50,000 of fair market value, 3/8 of 1% of the fair market value over $50,000 to $100,000, ¼ of 1% of the fair market value over $100,000 to $250,000, and 1/8 of 1% of the fair market value over $250,000.

D.  A fee of $6.00 will be charged for each receipt and disbursement. However, no fee will be charged for contributions to the trust account, distributions to beneficiaries, deposits to Citizens State Bank accounts or disbursements for purchase of and receipts from Certificates of Deposit of Citizens State Bank or from the Citizens State Bank Common Trust Fund.

E.  In addition to the above, brokerage fees, fees for legal services, preparation for tax returns, etc., may be charged to the account. Additional charges may be made for unusual or extraordinary services which cannot be anticipated, based upon the time and responsibility involved and the results obtained.

F.  No minimum fees, set up charges or termination charges will be made, nor will any fee be charged on assets directed into Citizens State Bank of Corpus Christi's savings accounts, certificates of deposit, or other time deposits.

G.  A fee of $25.00 will be assessed on "lease back" trusts when assets are purchased by means of a loan which requires full documentation, including preparation of notes, security agreements, corporate minutes, lease schedules, etc.  No fee will be charged if such assets are purchased from current assets without the use of a loan.

Revised 11/28/84