## Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Fajardo   ■ Koerner |
| DATE | 05 / 09 / 01 |
| TIME | 11:04 a.m. — 11:29 a.m. |
| CIVIL ACTION | B - 01 - 04 |
| STYLE | Martinez, et al. *versus* Frost National Bank, et al. |

DOCKET ENTRY

(HGT)   ■ Initial Pretrial Conference;   ☐ Motion Hearing;   (Rptr.  Breck Record  )

Mitchell Clark          for     ■ Ptf. #_____   ☐ Deft. #_____

James Robichaux    for     ☐ Ptf. #_____   ■ Deft. #_____

☐   All motions not expressly decided are denied without prejudice.

☐   Evidence taken [exhibits or testimony].

☐   Argument heard on:   ☐ all pending motions;   ☐ Following motions

☐   Motions taken under advisement: _____

■   Scheduling order to be entered.

☐   Miscellaneous review set: _____

■   Rulings orally rendered on:

1. The Parties are **ORDERED** to send copies of any pleadings to Defendant Jimenez and inform the Court immediately of facts that may require Defendant Jimenez' physical presence with enough time to consider the issue.

2. The Plaintiffs and Defendant Frost Bank informed the Court that they have stipulated to the authenticity of the documents on summary judgment.

3. The Parties are **ORDERED** to confer with the case manager to enter a scheduling order.

1

4.  The Parties are **ORDERED** to ensure that Defendant Jimenez receives notice of any hearings and has time to respond to motions or pleadings given the restrictions on his receipt of mail.

■ <u>Comments</u>:

1.  Counsel for the bank believes that the bank's interests are completely aligned with those of the Defendant Jose Alfredo Jimenez because the bank has a fiduciary obligation to represent the interests of Defendant Jimenez, the sole beneficiary of the trust. The Plaintiffs would like to amend their complaint to state a cause of action under Texas Property Code § 142.006. In that case, Defendant Jimenez' presence and participation may be necessary because he would presumably argue equitable reasons why the trust should not be modified. The bank may not be aware of those equitable reasons.

2.  If it becomes necessary to have Defendant Jimenez present the Court will attempt to have him participate via teleconference and only as a last resort issue a bench warrant.

3.  The spendthrift provision issue can be disposed of on summary judgment. The Texas Property Code § 1442.006 issue, if the complaint is amended, can probably be ruled on via summary judgment also according to the Plaintiffs. From the perspective of the Defendant bank, the latter would probably be a summary judgment issue.