17

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED<br><br>PLAINTIFFS<br><br>VS.<br><br>FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, INDIVIDUALLY<br><br>DEFENDANTS | §§§§§§§§§§§§§§§§§§§ | United States District Court<br>Southern District of Texas<br>FILED<br><br>MAY 2 2 2001<br><br>Michael N. Milby<br>Clerk of Court<br><br><br>C. A. NO. B-01-004 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE
PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
(OPPOSED)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiffs-HECTOR and ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED and of ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED, and files this their Motion for Leave to File Plaintiffs' First Amended Original Complaint and in support thereof would respectfully show the Court as follows:

PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
(OPPOSED)
PAGE 1

## I.

1.1 Plaintiffs are Judgment Creditors of Jose Alfredo Jimenez, Beneficiary under the Jose Alfredo Jimenez Trust.

1.2 This Court retains continuing jurisdiction over the Jose Alfredo Jimenez Trust.

1.3 Plaintiffs are seeking to amend their Original Complaint to include a request pursuant to Texas Property Code § 142.005(d). Specifically, Plaintiffs seek to amend their Original Complaint to seek relief under § 142.005(d) by way of requesting this Court to amend/modify and/or revoke the Jose Alfredo Jimenez Trust which will allow the Plaintiffs, as Judgment Creditors, to seek a turnover order or garnishment of the corpus of the Trust to satisfy their claims against Jose Alfredo Jimenez, Individually.

1.4 Plaintiffs, as Judgment Creditors of Jose Alfredo Jimenez have standing to bring this claim pursuant to Texas Property Code § 142.006 in that they are a person who "claims an interest in property to subject to management."

1.5 Attached as Exhibit "A" to this Motion is the proposed Plaintiffs' First Amended Original Complaint.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (361) 887-8500
Fax: (361) 882-4500

By: _____
J. MITCHELL CLARK
State Bar No. 04283900
Admission No. 11427

**ATTORNEY FOR PLAINTIFFS**

---

PLAINTIFFS' MOTION FOR LEAVE TO FILE
PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
(OPPOSED)
PAGE 2

## CERTIFICATE OF SERVICE

I, J. Mitchell Clark, hereby certify that the above and foregoing was forwarded in the manner indicated to the persons listed below on this the 21st day of May, 2001:

### VIA HAND DELIVERY
James H. Robichaux
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470

### VIA CMRRR: 7099 3220 0004 2564 2553
Jose Alfredo Jimenez
TDCJ #785233
Robertson Unit
Texas Department of Criminal Justice
12071 FM 3522
Abilene, Texas 79601

_____
J. Mitchell Clark

| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED  PLAINTIFFS | § § § § § § § § § | |
| VS. | § § | C. A. NO. B-01-004 |
| FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, INDIVIDUALLY  DEFENDANTS | § § § § § § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Came on this _____ day of _____, 2001, to be heard in the above-entitled and numbered cause, Plaintiffs' Opposed Motion for Leave to File Plaintiffs' First Amended Complaint. All parties having appeared by and through their respective counsel of record and the Court having heard the arguments of counsel, and reviewing the evidence finds the following:

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Original Complaint is hereby **GRANTED**.

All relief not specifically granted herein is hereby denied.

SIGNED ON THIS _____ DAY OF _____, 2001.

_____
JUDGE PRESIDING

**UNITED STATES DISTRICT COURT**     **SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HECTOR AND ROSEMARY MARTINEZ, as HEIRS, BENEFICIARIES OF HECTOR JULIAN MARTINEZ, JR. DECEASED and OF ORLANDO MARTINEZ, DECEASED, and CELINA ELIZONDO, as HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED<br><br>PLAINTIFFS<br><br>VS.<br><br>FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST, and JOSE ALFREDO JIMENEZ, INDIVIDUALLY<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br>C. A. NO. B-01-004 |

### PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **HECTOR** and **ROSEMARY MARTINEZ**, as **HEIRS, BENEFICIARIES OF HECTOR JULIA MARTINEZ, JR. DECEASED** and of **ORLANDO MARTINEZ, DECEASED**, and **CELINA ELIZONDO**, as **HEIR BENEFICIARY OF ALBERT R. PONCE, DECEASED**, hereinafter referred to as Plaintiffs, and petition the Court pursuant to Title 28, U.S.C. § 2201 and Federal Rules of Civil Procedure 57 against **FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST**, and **JOSE ALFREDO JIMENEZ, INDIVIDUALLY**, Defendants, for a declaration respecting all


Exhibit "A"

rights and liabilities under an Order and Trust Agreement dated April 25, 1985, attached hereto as Exhibit "A" and relief pursuant to Texas Property Code § 142.005(d). In support of this petition, Plaintiffs would show as follows:

## I.
## PARTIES

1.1     Plaintiffs are all heirs, beneficiaries and surviving parents and their names and relationships to the deceased are as follows:

| NAME | RELATIONSHIP TO DECEDENTS |
|---|---|
| Hector Martinez | Father of Hector Julian Martinez, Jr. and Orlando Martinez |
| Rosemary Martinez | Mother of Hector Julian Martinez, Jr. and Orlando Martinez |
| Celina Elizondo | Mother of Albert R. Ponce |

1.2     Plaintiff-Hector Martinez is an individual who resides in Alice, Jim Wells County, Texas. He is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving father.

1.3     Plaintiff-Rosemary Martinez is an individual who resides in Alice, Jim Wells County, Texas. She is an Heir and Beneficiary of Hector Julian Martinez, Jr. and Orlando Martinez and is their surviving mother.

1.4     Plaintiff-Celina Elizondo is an individual who resides in Alice, Jim Wells County, Texas. She is an Heir and Beneficiary of Alberto R. Ponce, Jr. and is his surviving mother.

1.5     Defendant-**FROST NATIONAL BANK, TRUSTEE FOR THE JOSE ALFREDO JIMENEZ TRUST** is a *nationally chartered bank* doing business in Nueces

County, Texas, has already appeared herein and may be served with process by serving its attorney of record: **Jim Robichaux, Matthews and Branscomb, 802 North Carancahua, Suite 1900, Corpus Christi, Texas 78470.**

1.6  Defendant-**JOSE ALFREDO JIMENEZ (TDC # 785233)** is an individual who is incarcerated in the Texas Department of Corrections and whose place of residence is Walker County, Texas, has already appeared and may be served with process at the Jose Alfredo Jimenez, TDCJ #785233, Robertson Unit, Texas Department of Criminal Justice, 12071 FM 3522, Abilene, Texas 79601.

## II.
## VENUE AND JURISDICTION

2.1  The cause or causes of action accrued in whole or in part in Brownsville, Cameron County, Texas; the Defendant-Jose Alfredo Jimenez's Trust, which is a subject matter of this suit was negotiated and performed in whole or in part in Cameron, Nueces County, Texas. Therefore, venue is proper in Cameron County, Texas pursuant to Federal Rules of Civil Procedure.

2.2  The cause or causes of action exceed the minimum jurisdictional limits of this Court. Further, the Order establishing the Trust and the Trust Agreement retained jurisdiction in the United States District Court, Southern District of Texas, Brownsville Division. Defendant-Frost National Bank, Trustee for the Jose Alfredo Jimenez Trust is defined and meant herein to include Frost National Bank and all its predecessors, assigns, and successors in interest.

2.3  This suit is brought by the Plaintiffs on behalf of themselves, so they may obtain the relief that they are entitled to in law and in equity.

## III.
## FACTS

3.1 On or about May 11, 1996 an argument ensued between the Deceaseds, Hector Julian Martinez, Jr., Orlando Martinez, Albert R. Ponce (collectively referred to as the "DECEASEDS") and Defendant, Jose Alfredo Jimenez (hereinafter referred to as "JIMENEZ") respecting money to purchase beer. Subsequently, JIMENEZ took his .22-caliber rifle and began firing at the Deceaseds. As a result of this incident, DECEASEDS sustained serious bodily injuries which resulted in their deaths. This conduct on the part of JIMENEZ violated § 19.02 of the Texas Penal Code. As a result, a jury in Jim Wells County, Texas found JIMENEZ guilty of the offense of murder of Albert Ponce, Orlando Martinez and Hector Martinez and the jury assessed punishment at confinement in the Texas Department of Correction for twenty (20) years.

3.2 Plaintiffs, Hector and Rosemary Martinez and Celina Elizondo are the parents and surviving heirs at law of DECEASEDS. Plaintiffs brought a wrongful death and gross negligence action pursuant to Tex. Civ. Prac. & Rem. Code §71.001 et. seq. because of injuries suffered by the DECEASEDS resulting in their deaths, in a lawsuit styled: *Hector and Rosemary Martinez, as Heirs and Beneficiaries of Hector Julian Martinez, Jr., Deceased, and of Orlando Martinez, Deceased, and Celina Elizondo, as Heir and Beneficiary of Albert R.. Ponce, Deceased v. Jose Alfredo Jimenez (TDCJ #785233)*, In the 278th Judicial District, Walker County, Texas, Cause No.: 19-841-C.

3.3 On or about October 12, 1999, Plaintiffs appeared in person and by their attorney of record and announced ready for trial. Jose Alfredo Jimenez, Defendant appeared in person representing himself, announced ready for trial. The Plaintiffs having waived their demand for

jury and no jury having been demanded by the Defendant, all questions of fact were submitted to the Court and the case preceded to trial.

3.4 On or about October 14, 1999, a Judgment was rendered on behalf of the Plaintiffs by the Honorable Irwin G. Ernst. A copy of the Judgment is attached hereto as Exhibit "B" and incorporated herein by reference for all purposes.

3.5 The Judgment awarded to each Plaintiff $1,233,600.00 (one million two hundred thirty-three thousand six hundred dollars) plus interest at the rate of ten percent from October 14, 1999 until paid.

3.6 Prior to the above mentioned deaths, JIMENEZ's father, Juan Jose Jimenez (hereinafter referred to as "DECEDENT"), died intestate on November 2, 1982, in Aransas County, Texas. At the time of DECEDENT'S death, he was survived by his son, JOSE ALFREDO JIMENEZ, a minor child. JIMENEZ was a named beneficiary as a result of a lawsuit filed by his surviving widow styled *Olga Gonzalez Jimenez, Individually and as personal representative of Juan Jose Jimenez, Jr. and Jose Alfredo Jimenez, and Separately Celina Jimenez Green vs. Culberson Well Service, Inc. and Rig Number 8*; In the United States District Court, Southern District of Texas, Brownsville Division, Cameron County, Brownsville, Texas. Further, JIMENEZ received monies from DECEDENT'S death, and the monies are maintained in a trust with Frost Bank Trust Department. A copy of the Policy is attached hereto as Exhibit "C" and incorporated herein by reference for all purposes.

3.7 Plaintiffs are requesting this Court to declare the monies in JIMENEZ'S Trust are not protected from creditors of the Beneficiary; therefore, the trust is subject to post-judgment collection by the Judgment Creditors of the Beneficiary, Jose Alfredo Jimenez. Alternatively,

Plaintiffs are requesting this Court to amend, modify or revoke the trust pursuant to Texas Property Code § 142.005(d).

## IV.
## SUIT FOR DECLARATORY RELIEF

4.2     At the time of DECEDENT'S death, JIMENEZ was a minor child. Plaintiffs request the Court to declare the Plaintiffs' rights to the trust, if any, under such judgment and whether or not the trust is subject to execution and/or garnishment by Plaintiffs. Further, Plaintiffs request the Court to declare that JIMENEZ'S Trust is not a spend thrift trust and a declaratory judgment that the Trust is subject to immediate execution.

4.2     The Plaintiffs have retained J. Mitchell Clark to represent the Plaintiffs in this action and have agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just and therefore authorized by Federal Rules of Civil Procedure 54 (d)(2).

## V.
## TEXAS PROPERTY CODE § 142.005 (d)
## REQUEST TO AMENDED/MODIFY OR REVOKE TRUST

5.1     Plaintiffs reallege and incorporate herein by reference each and every fact and allegation contained in paragraphs 1.1 through 4.2, inclusive, as though fully set forth and made a part hereof.

5.2     Plaintiffs, as Judgment Creditors of Jose Alfredo Jimenez, have standing to bring a claim pursuant to § 142.006 in that Jose Alfredo Jimenez is the sole beneficiary of the Jose Alfredo Jimenez Trust. Furthermore, as Judgment Creditors of Jimenez, Plaintiffs are a person who is claming an interest in property subject to management, ie. The Jose Alfredo Jimenez Trust. This Court has the authority over the property and may hear evidence on that interest and order Plaintiffs claims paid from the Trust.

5.3     By the terms of the Jose Alfredo Jimenez Trust, this Court has authority and continuing jurisdiction to hear a claim pursuant to § 142.005(d). Furthermore, this continuing jurisdiction of this Court referenced a similar type Trust was upheld in *Amaro vs. Texas State Bank*, 28 S.W.3rd 789 (Tex. App.--Corpus Christi 2000).

5.4     Plaintiffs' children were murdered by Jose Alfredo Jimenez. Following the deaths of Plaintiffs' children, a criminal trial was commenced in Jim Wells County, Texas and Jose Jimenez was subsequently found guilty of the offense of murder and is currently incarcerated in the Texas Department of Corrections. Subsequent to the criminal trial, the Plaintiffs brought a survival and wrongful death action against Jose Alfredo Jimenez. After a full trial on the merits, a judgment was entered in favor of the Plaintiffs and against Jose Alfredo Jimenez that is in excess of the aggregated amount of $3,000,000.00. That Judgment has become final as a matter of Texas law.

5.5     Texas Property Code § 142.005(d) specifically gives this Court the authority to amend/modify or revoke the Jose Alfredo Jimenez Trust and § 142.006 allows this Court to order payment of a claim of any person claiming an interest in property subject to management of the Trust pursuant to this Chapter.

5.6     Accordingly, Plaintiffs request this Court to revoke the Jose Alfredo Jimenez Trust in its entirety and order their judgment be paid pursuant to § 142.006.

5.7     Alternatively, Plaintiffs request this Court to amend and/or modify the Trust to delete the spendthrift provision as to these Plaintiffs so as to allow Plaintiffs to be paid as Judgment Creditor from property of the Trust.

5.8     Although § 42.005(d) does not specifically address any standards that may or may not govern this particular request, equity prevails in the favor of Plaintiffs. The only reason

Plaintiffs became Judgment Creditors of Jimenez was a result of their children being murdered by Jimenez. This is not a debt that arose out of a contractual dispute, consumer transaction or some other "normal" credit transaction between Jimenez and the Plaintiff. The offense of murder carries with it not only criminal sanctions but civil sanctions as well. As a result, Jimenez should not be given the opportunity to escape civil sanctions for his irreprehensible conduct under the guise of a Trust. The only standard, if any, is found in § 142.006 where the statutes speaks the court can order the claim paid when the claim is "found to be just." There can be no argument that a judgment creditor's claim which arose from the offense of murder and murder of one's children will always be "found to be just." In that instance, the equitable interest between the judgment creditor and judgment debtor will have been weighed with the balance clearly in favor of the judgment creditor. Accordingly, Plaintiffs request this court find their claim is just and be paid from Trust property upon amendment, modification or revocation of the spendthrift pursuant to § 142.005(d).

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court order and award the following:

    a.     The Defendants be cited to appear and answer herein;

    b.     A declaration that the Judgment is enforceable as to the Plaintiffs and the Trust is subject to execution/garnishment.

    c.     A revocation or modification of the Trust.

    d.     Attorney's fees.

    e.     Costs of suit.

e.  That Plaintiffs be awarded such other and further relief, whether legal or equitable, general or special, to which these Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**LAW OFFICES OF J. MITCHELL CLARK**
Frost Bank Plaza
802 N. Carancahua, Suite 1650
Corpus Christi, Texas 78470
Tel: (361) 887-8500
Fax: (361) 882-4500

By:_____
    J. MITCHELL CLARK
    State Bar No. 04283900
    Admission No. 11427

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, J. Mitchell Clark, hereby certify that the above and foregoing was forwarded in the manner indicated to the persons listed below on this the 16th day of May, 2001:

**VIA HAND DELIVERY**
James H. Robichaux
Matthews & Branscomb
802 N. Carancahua, Suite 1900
Corpus Christi, Texas 78470

**VIA CMRRR: 7099 3220 0004 2564 2539**
Jose Alfredo Jimenez
TDCJ #785233
Robertson Unit
Texas Department of Criminal Justice
12071 FM 3522
Abilene, Texas 79601

_____
J. Mitchell Clark